In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-1724

KENDRICK D. LATHAM,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 04-cv-4086-JPG—**J. Phil Gilbert**, *Judge*.

ARGUED MAY 13, 2008—DECIDED MAY 29, 2008

Before EASTERBROOK, *Chief Judge*, and KANNE and TINDER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. A federal prisoner may seek collateral review within one year of "the date on which the judgment of conviction becomes final". 28 U.S.C. §2255(f)(1). If a convicted person files, and then dismisses, an appeal from a conviction, what is the date of finality? When the appeal is dismissed, or that date plus 90 days to file a petition for certiorari? See 28 U.S.C. §1254(1); S. Ct. Rule 13.1. The Supreme Court held in *Clay v. United States*, 537 U.S. 522 (2003), that a federal conviction becomes "final" with the expiration of time to

file a petition for a writ of certiorari (or, if certiorari is sought and denied, on the date of denial). The district court concluded that a defendant who dismisses his appeal is not entitled to seek certiorari, so that the time runs from the date of dismissal. 2007 U.S. Dist. LEXIS 2897 (S.D. Ill. Jan. 11, 2007).

Kendrick Latham filed a notice of appeal from his conviction (for distributing cocaine) on November 14, 2002. His lawyer filed a motion under Fed. R. App. P. 42(b) to dismiss the appeal, representing that Latham agreed to this step; the motion was accompanied by Latham's written consent. This court's clerk dismissed the appeal on May 1, 2003, and the mandate issued immediately. Within two weeks, however, Latham filed a motion to reinstate the appeal; he asserted that his lawyer had misled him about the consequences of dismissal. That motion was denied by a motions panel on June 9, 2003, and a motion to reconsider that decision was returned on June 25, at the direction of the motions judge, because the rules do not allow successive post-decision motions. Latham commenced his collateral attack on May 7, 2004, the district court found. The court held this untimely because the year had been running since May 1, 2003. A judge of this court issued a certificate of appealability after the district judge declined to do so. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000) (certificate of appealability may issue on a substantial procedural question, if the case also presents a substantial constitutional question).

Latham's motion to reinstate the appeal was filed within the time to seek rehearing, see Fed. R. App. P. 40(a)(1), and though it was not captioned "petition for rehearing" it sought a change in the judgment. That was

enough to put off "finality" until this court had acted. See *United States v. Dieter*, 429 U.S. 6 (1976). The district judge believed that the issuance of mandate on May 1 prevented Latham from seeking reconsideration, but the time for rehearing under Rule 40(a)(1)—and for that matter the time to request certiorari, see S. Ct. Rule 13.3—runs from the date of decision and is unrelated to the mandate. If the court grants reconsideration, the mandate can be recalled and the case reinstated. Latham's collateral attack was therefore timely.

What's more, it would have been timely even had he not sought the appeal's reinstatement. The district court assumed that §1254, which allows the Supreme Court to review judgments by certiorari, works like 28 U.S.C. §1291, which deals with appellate review of district courts' judgments. Section 1291 allows for review only by persons aggrieved by final decisions. Prevailing litigants—that is, those who received from the district court whatever relief they requested—cannot appeal under §1291. The district court treated Latham as a prevailing party (he asked for the appeal to be dismissed, after all) who therefore could not seek review by the Supreme Court.

Section 1254, however, allows "any" party, including a prevailing party, to petition for certiorari. See Eugene Gressman, Kenneth S. Geller, Stephen M. Shapiro, Timothy S. Bishop & Edward A. Hartnett, *Supreme Court Practice* 86–89 (9th ed. 2007). It also allows review whether or not a court of appeals has issued a final decision. *Id*. at 81–86. All that is necessary is that a case be "in" the court of appeals. A notice of appeal from a final decision puts the case in the court of appeals. *Hohn v. United States*, 524 U.S. 236 (1998). That some later event—such as the

issuance of mandate or the denial of a certificate of appealability—puts the case "out" again does not defeat the Supreme Court's authority. It can issue a writ of certiorari to decide whether the case should have remained in the court of appeals rather than being ejected.

The United States reminds us that waivers of appeal are enforceable. See *United States v. Wenger*, 58 F.3d 280 (7th Cir. 1995). But our practice concerning waivers of appeal supports Latham rather than the prosecutor. A defendant who forswears appellate review as part of a plea bargain remains entitled to file a notice of appeal. Although that appeal is doomed unless the guilty plea is involuntary—for we held in *Wenger* that the plea and the waiver stand or fall together—the possibility that the defendant will be able to have the plea vitiated permits at least the preliminary stages of an appeal. (This is an application of the principle that every court has jurisdiction to determine its own jurisdiction.) If we dismiss the appeal, the defendant is entitled to ask the Supreme Court to review our judgment by writ of certiorari, and *Clay* will determine the date on which the conviction becomes "final". What is true of a waiver executed in the district court is true of a waiver executed in the court of appeals. Latham was entitled to argue—to us, and to the Supreme Court—that his appeal should have been reinstated because his waiver was involuntary. So 90 days to seek certiorari is added to May 1, 2003, and the collateral attack is timely.

The judgment of the district court is reversed, and the case is remanded for decision on the merits.