REAVLEY, Circuit Judge:
Federal prisoner Joel Plascencia appeals from the district court’s dismissal of his 28 U.S.C. § 2255 motion, which was determined to be time-barred. We conclude that Plascencia’s conviction became final when the time expired to file a timely notice of appeal on direct review and that Plascencia is not entitled to the benefit of the 90-day period for seeking certiorari, after dismissal following denial of a Fed. R.App. P. 4(b)(4) motion, when determining § 2255’s limitation period. We therefore AFFIRM the district court’s judgment.
I.
Plascencia pleaded guilty to conspiracy to distribute cocaine and was sentenced to 210 months in prison. The district court entered its judgment on December 23, 2003. Plascencia is deemed to have filed his pro se notice of appeal on January 15, 2004.[1] We determined that a timely notice of appeal was due by January 12, 2004. In accord with our customary policy, we construed the late notice as a motion under Fed. R.App. P. 4(b)(4) for extension of time to file a notice of appeal.[2] We remanded for the district court to determine whether Plascencia’s untimely filing was due to excusable neglect or good cause. After briefing by Plascencia and the Government, the district court determined that Plascencia had not made that showing. On June 9, 2004, we concluded that the district court’s determination was not an abuse of discretion, and we dismissed the appeal.[3]
Plascencia then filed a § 2255 motion on June 15, 2005. The district court dismissed the motion as untimely, reasoning that Plascencia’s conviction became final, and the one-year limitation period began, on January 12, 2004, at the expiration of the time for Plascencia to file a timely notice of appeal. The court determined that Plascencia’s § 2255 motion was due by January 12, 2005, and that the June 15, 2005 motion was therefore untimely. Plas-cencia appeals from the district court’s dismissal. We granted him a certificate of appealability on the issue whether, in determining the limitation period for purposes of § 2255, a federal prisoner has the benefit of an additional 90-day period in which to seek certiorari review in the Supreme Court from an appellate court’s af-firmance of the denial of a Rule 4(b)(4) motion.
II.
Plascencia contends that his conviction did not become final on direct appeal *388 until the expiration of the 90-day period for seeking certiorari from this court’s dismissal of the appeal on June 9, 2004. We review the district court’s factual findings relating to a § 2255 motion for clear error and conclusions of law de novo.[4]
Section 2255 provides a one-year limitation period that begins on the latest of four possible dates for a federal prisoner to seek collateral review of his conviction and sentence. The only date relevant in this case is “the date on which the judgment of conviction becomes final.”[5] The statute does not define when a conviction becomes final for purposes of the limitation period.[6] We also have not addressed when a federal conviction becomes final for purposes of § 2255 when, as here, the prisoner did not file a timely direct appeal.
We have observed, however, that there is no indication Congress intended federal and state prisoners to be treated differently in habeas proceedings and that “final” in § 2255 has the same meaning as “final” used for the analogous limitation period in 28 U.S.C. § 2254 proceedings.[7] For purposes of § 2254 proceedings, a state prisoner’s conviction becomes final generally upon the expiration of direct review or the time for seeking direct review.[8] When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking cer-tiorari in the Supreme Court.[9] If the prisoner stops the appeal process before that point, however, the conviction becomes final when the time for seeking further review in the state court expires.[10]
Applying like reasoning to federal prisoners, at least three of our sister circuits have held that when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal.[11] Although not having previously said so explicitly, we agree with this approach to the finality of federal convictions, as it is consistent with our treatment of the finality of state convictions.
In the instant case, Plascencia had until January 12, 2004, to file his timely notice of appeal. By failing to file an effective notice of appeal by January 12, 2004, Plas-cencia allowed the direct review process to expire, and his conviction became final on that date.
Rule 4 provides limited recourse for defendants who miss the filing deadline by permitting the district court, upon finding good cause or excusable neglect, to extend the time to file a notice of appeal for up to 30 days from the expiration of the time otherwise prescribed.[12] As noted *389 above, we followed our customary practice in criminal cases by treating Plascencia’s late notice of appeal as a Rule 4(b)(4) motion for extension of time to file an appeal.[13] Because the district court found no good cause or excusable neglect and we concluded that the district court’s ruling was not an abuse of discretion, we dismissed the appeal.[14]
Plascencia insists, however, that his conviction was not final because he had 90 days to seek certiorari after our dismissal on June 9, 2004. In Clay v. United States, the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for certiorari.[15] The rule of Clay provides no help to Plascencia in this case because Plascencia, unlike Clay, never filed an effective notice of appeal in this court.[16] Any petition for certiorari that Plascencia could have filed following our dismissal would not have contested direct review of his conviction. Instead, it would have concerned only our ruling that the district court did not abuse its discretion by declining to grant Plascencia an appeal. That ruling did not address Plascencia’s conviction. Therefore, the 90-day certio-rari period is not applicable in Plascencia’s case to determine when his conviction became final.[17]
*390 As noted above, Plascencia’s conviction became final upon the expiration of the time for filing a timely notice of appeal on January 12, 2004. The limitation period for seeking § 2255 relief therefore commenced on that date, and Plascencia’s § 2255 motion was due by January 12, 2005. Because Plascencia did not file his § 2255 motion until June 15, 2005, the motion was untimely.
AFFIRMED.

.See Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988) (concluding that a prisoner’s pro se notice of appeal is deemed filed when delivered to prison authorities for forwarding to the court clerk).

. See, e.g., United States v. Golding, 739 F.2d 183, 184 (5th Cir.1984).

. United States v. Plascencia, No. 04-10079 (5th Cir. June 9, 2004) (unpublished).

. United. States v. Torres, 163 F.3d 909, 911 (5th Cir.1999).

. 28 U.S.C. § 2255(f)(1).

. United States v. Thomas, 203 F.3d 350, 351— 52 (5th Cir.2000).

. Reyes-Requena v. United States, 243 F.3d 893, 898 (5th Cir.2001); see 28 U.S.C. § 2244(d)(1)(A).

. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003).

. Id.

. Id.

. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir.2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir.2004); Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999).

. See Fed. R.App. P. 4(b)(4).

. See Golding, 739 F.2d at 184.

. Although when we dismissed the appeal we noted that a timely notice of appeal is a prerequisite to appellate jurisdiction, which was our traditional view, we have since recognized that Supreme Court precedent now establishes that Rule 4’s time requirement for filing notices of appeal in criminal cases is mandatory but not jurisdictional. See United States v. Martinez, 496 F.3d 387, 388-89 (5th Cir.2007); see also Eberhart v. United States, 546 U.S. 12, 18-19, 126 S.Ct. 403, 406-07, 163 L.Ed.2d 14 (2005) (distinguishing between jurisdictional rules and nonjurisdic-tional claims-processing rules). Nevertheless, the distinction between jurisdictional rules and inflexible claims processing rules does not render the dismissal erroneous because a court does not err by strictly enforcing the latter. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir.2006).

. 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003); see also United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir.2000).

. See 537 U.S. at 525, 123 S.Ct. at 1074 (holding that “a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.” (emphasis added)).

. The dissent would apply the 90-day certio-rari period in the instant case because "[o]ur June 9, 2004 dismissal of Plascencia’s direct criminal appeal was reviewable by the Supreme Court as part of that appeal.” (Emphasis added). Although on June 9, 2004, we dismissed Plascencia’s "appeal,” there was no direct appeal pending because Plascencia had never filed an effective direct appeal of his conviction. The dissent contends that Plas-cencia’s late notice of appeal was sufficient to suspend the finality of Plascencia’s conviction because the ten-day filing period is nonjuris-dictional, and it implies that the Government’s failure to object to the late notice supports its position because a failure to object forfeits the objection. Whether or not the Government objected is irrelevant under the circumstances of this case because the Government never had an opportunity to object. We remanded to the district court before a briefing notice was even issued. As noted above, Plascencia’s "notice of appeal” was construed as nothing more than a Rule 4(b)(4) motion for extension of time to file an appeal, which requires a finding of good cause or excusable neglect. See Golding, 739 F.2d at 184. As we noted in Golding, "[w]e presume neither the presence nor absence of excusable neglect but defer to the district court for this determination.” Id. Seeking certiorari review of the denial of such a motion is not the same as seeking review of an adjudication of the merits of Plascencia’s direct criminal appeal. Had Plascencia allowed the ten-day *390 appeal period to expire and then done nothing, there is no doubt that the conviction would be final at the expiration of the ten days. Yet, the dissent’s view, carried to its logical conclusion, would allow a defendant to rescind that finality and obtain tolling of the limitations period by filing a non-effective late notice, no matter how much time has passed after the conviction, simply because the defendant could always seek certiorari review of our decision on the subsequent treatment of the notice. We do not think such a result is in accord with the intent of the AEDPA.