IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-60297
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES VAUGHN RANKIN

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-186-1

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

James Vaughn Rankin appeals the district court's denial of his motion for an extension of time to file an appeal under FED. R. APP. P. 4(b)(4). He argues that the district court abused its discretion when denying his motion. Although the district court determined that Rankin failed to establish both good cause and excusable neglect for an extension, on appeal Rankin relies solely upon the good cause requirement of Rule 4(b)(4). He argues that he changed his mind about appealing within the time permitted by Rule 4(b)(4), his appeal is nonfrivolous,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and he could not focus on the decision to appeal because, after the judgment was entered, he was transferred to a different facility.

"Rule 4 provides limited recourse for defendants who miss the filing deadline by permitting the district court, upon finding good cause or excusable neglect, to extend the time to file a notice of appeal for up to 30 days from the expiration of the time otherwise prescribed." See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008). Rule 4 is an inflexible claims processing rule that the district court may strictly enforce. See id. at 389, n.14. The district court did not abuse its discretion by determining that Rankin failed to establish good cause that warranted an extension of time under Rule 4(b)(4). See Rule 4(b)(4); United States v. Clark, 193 F.3d 845, 846 (5th Cir. 1999).

AFFIRMED.