JENNIFER WALKER ELROD, Circuit Judge:
Godfrey Aaron Mark, Texas prisoner # 1237559, appeals the dismissal of his petition for habeas corpus under 28 U.S.C. § 2254 challenging his Texas conviction for aggravated robbery. The district court dismissed Mark’s habeas petition as time-barred. This court granted a certificate of appealability (COA) to review the district court’s timeliness determination. For the reasons that follow, we conclude that Mark’s petition was timely, and therefore REVERSE the judgment of the district court and REMAND the petition for further consideration.
After Mark pleaded guilty to aggravated robbery, the state trial court sentenced Mark to 25 years of imprisonment. Although Mark appealed his conviction and sentence, he later filed a motion to voluntarily dismiss his appeal. On February 22, 2005, the Court of Appeals granted his motion and entered a judgment dismissing the appeal. Mark did not seek review by the state’s highest court, the Texas Court of Criminal Appeals (CCA). Subsequently, Mark sought postconviction relief in state court. On February 21, 2006, he filed a state habeas petition, which was *193 denied by the CCA on April 9, 2006. Mark then filed the instant federal habeas petition on May 4, 2006.
When a district court denies a habeas petition on procedural grounds, our review is de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir.2004). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state prisoner must file his federal habeas petition before the expiration of the one-year statute of limitations. 28 U.S.C. § 2244(d)(1). A properly filed state habeas petition tolls the statute of limitations as long as it remains pending. Id. § 2244(d)(2). The one-year period begins to run from “the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” Id. § 2244(d)(1)(A). Thus, “because it triggers the limitations period, the date a judgment becomes final is often critical” in assessing the timeliness of a federal habeas petition. Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir.2004).
A state conviction becomes final under AEDPA when there is no further “ ‘availability of direct appeal to the state courts.’ ” Jimenez v. Quaterman, 555 U.S. 113, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009) (quoting Caspari v. Bohlen, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). “Until that time, the process of direct review has not come to an end and a presumption of finality and legality cannot yet have attached to the conviction and sentence.” Id. at 685-86 (internal quotation marks omitted). Under Texas law, a petitioner may seek review in the Court of Criminal Appeals by filing a petition for discretionary review (PDR) within 30 days after the intermediate court renders judgment. Tex.R.App. P. 68.1, 68.2(a). We have held that, when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30-day period in which he could have filed the petition — that is, “when the time for seeking further direct review expired.” Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir.2003).
Here, after Mark’s motion to dismiss his appeal was granted, he did not file a PDR. Therefore, applying our well-settled rule, Mark’s conviction became “final” within the meaning of AEDPA 30 days after the Court of Appeals entered judgment dismissing his appeal. That well-settled rule would not apply, however, if Mark’s direct review process immediately came to an end when the Court of Appeals entered judgment because he was somehow prohibited from filing a PDR. In other words, Mark’s date of finality turns on whether Texas law would have permitted him to file a PDR in the 30 days after the Court of Appeals granted his motion to dismiss. Our review of the Texas Rules of Appellate Procedure suggests that he could have done so.
The Rules provide that “[o]n petition by any party, the Court of Criminal Appeals may review a court of appeals’ decision in a criminal case.” Tex.R.App. P. 68.1. Under the Rules, dismissal of an appeal constitutes a judgment, which starts the running of the 30 days for filing a PDR to the CCA. Beneath the heading “Types of Judgment,” Rule 43.2 lists six possible dispositions by the Court of Appeals, including “dismiss the appeal.” Tex.R.App. P. 43.2. If a party wishes to seek review of such a judgment in the CCA, “[t]he petition must be filed within 30 days after ... the day the court of appeals’ judgment was rendered.” Tex.R.App. P. 68.2(a).
Nevertheless, Respondent argues that a judgment signed upon voluntary dismissal is not a “decision” within the meaning of Rule 68.1. A careful examination of the Rules undercuts this assertion, however.
*194 A criminal defendant cannot unilaterally dismiss his appeal once it has been filed.[1] Rather, he must make a motion, asking the court to dismiss it. See Tex.R.App. P. 42.2. The court retains discretion in deciding such a motion: “[T]he appellate court may dismiss the appeal upon the appellant’s motion.” Tex.R.App. P. 42.2(a) (emphasis added). Therefore, an order granting that motion — even if a foregone conclusion in the ordinary case — constitutes a “decision” by the court, from which “any party” may petition for review by the CCA. Tex.R.App. P. 68.1. Such an order would be unlikely to require a written opinion, but that fact does not change the analysis. Indeed, the rules governing the content of a petition to the CCA contemplate such a scenario. A petition must state “the date any opinion of the court of appeals was handed down, or the date of any order of the court of appeals disposing of the case without an opinion.” Tex. R.App. P. 68.4(e)(1) (emphasis added). Thus, a judgment dismissing an appeal, whether or not accompanied by a written opinion, is a discretionary “decision” by the Court of Appeals, allowing “any party” 30 days in which to petition for review by the CCA. Tex.R.App. P. 68.1.
Respondent also suggests that the filing of a PDR following a voluntary dismissal would be futile because the CCA would not likely grant discretionary review. This argument misses the point. The relevant question is whether Mark was entitled to file a petition, not whether a hypothetical petition would have been successful. If he had the right to do so, then his “process of direct review” had not “come to an end.” Jimenez, 129 S.Ct. at 685 (alterations and internal quotation marks omitted). The merits of the petition itself are simply not germane to the analysis of whether the “availability of direct appeal to the state courts ... has been exhausted.”[2] Id. (internal quotation marks and citations omitted).
Thus, Respondent has not identified any provision of Texas law that would have prevented Mark from filing a petition for discretionary review within the 30-day period after the court granted his motion to dismiss his appeal. Nothing in the Texas Rules of Appellate Procedure states, or even suggests,, that a defendant who makes a motion to dismiss his appeal is foreclosed from filing a PDR. Indeed, the language allowing review by the CCA “on petition by any party” means that a petition may be filed even by a prevailing party — one who, like Mark, received exactly the relief he sought in the appellate court. Tex.R.App. P. 68.1 (emphasis added).
The dissent faults us for not following the general rule that a notice of appeal voluntarily dismissed should be treated as *195 if it were never filed at all. See, e.g., Williams v. United States, 553 F.2d 420, 422 (5th Cir.1977). The cases relied upon by the dissent for this point, however, are direct appeals in federal court. Notably absent are any Texas cases holding that a similar rule applies to criminal appeals in that state’s courts. Determining when the time for seeking further direct review in the state court expires — thus bringing the process of state direct review to an end and rendering the conviction “final” under AEDPA — by its own terms requires us to examine Texas law.[3] The rules governing the process of direct review in federal courts simply cannot tell us when Mark’s process of direct review came to an end in Texas’s courts. In other words, it may well be the case that when a federal criminal direct appeal is voluntarily dismissed, further review is no longer possible and, thus, the federal conviction immediately becomes final under AEDPA for purposes of any future petition under 28 U.S.C. § 2255, although at least one court has taken a contrary view. See Latham v. United States, 527 F.3d 651, 652-53 (7th Cir.2008) (holding that defendant’s federal conviction did not become final under AEDPA until the time for seeking Supreme Court certiorari expired, despite the voluntary dismissal of his appeal). Regardless, the same cannot be said about a state criminal direct appeal in Texas court. As explained above, further direct review of Mark’s appeal was still possible during the 30-day period for seeking review in the CCA.
Although the dissent asserts that our reasoning conflicts with United States v. Plascencia, 537 F.3d 385 (5th Cir.2008), that case is inapposite because it dealt with a federal conviction where the notice of appeal was filed untimely. Here, Mark did not file an untimely PDR, but merely argues that his conviction became final only once the time for filing a timely PDR expired. Moreover, to the extent that Plascencia is relevant at all, it actually supports Mark’s argument. In Plascencia, we held that where a timely notice of appeal of a federal conviction is not filed, the conviction becomes final under AED-PA at the end of the 10-day period for filing such a notice. Id. at 388. By failing to file a notice of appeal during this period, “Plascencia allowed the [federal] direct review process to expire, and his conviction became final on that date.” Id. By the same logic, by failing to file a PDR, Mark allowed the state direct review process to expire, and his conviction became final at the conclusion of the 30-day period for filing such a petition. Therefore, the well-worn rule we apply here is perfectly consistent with Plascencia.
Likewise, applying this well-established rule does not implicate — much less run afoul of — footnote 4 of Jimenez v. Quarter-man. There, the Supreme Court noted that it had “previously held that the possibility that a state court may reopen direct review does not render convictions and *196 sentences that are no longer subject to direct review nonfinal.” Jimenez, 129 S.Ct. at 686 n. 4 (internal quotation marks omitted). Mark’s process of direct review, however, did not come to an end until the time for filing a PDR with the CCA expired — 30 days after the Texas Court of Appeals dismissed his appeal. Until that time, his conviction was not final, so he has no need to invoke Jimenez’s “reopening of direct review” rule in order to take advantage of this 30-day window.
In short, this case presents no reason for us to deviate from our precedent holding that, where a defendant does not file a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction becomes final under AEDPA when the time for doing so expired. See Roberts, 319 F.3d at 694-95. Because it appears that Texas law would have permitted Mark to file a PDR after the Court of Appeals granted his motion to dismiss his appeal, his “process of direct review” did not “come to an end” until the end of the 30-day filing period. Jimenez, 129 S.Ct. at 685 (alterations and internal quotation marks omitted). Thus, under AEDPA, his state conviction did not become final until 30 days after the Court of Appeals dismissed his appeal.
This date of finality renders Mark’s habeas petition timely. Mark’s conviction became final on March 25, 2005 — 30 days after the Court of Appeals dismissed his appeal on February 22, 2005. Mark’s properly filed state habeas petition' — which was filed on February 21, 2006 and denied on April 9, 2006 — tolled AEDPA’s one-year statute of limitations during the 48 days it was pending. See 28 U.S.C. § 2244(d)(2). As such, Mark had until May 12, 2006 to file his federal habeas petition. Therefore, his federal petition, filed on May 4, 2006, was timely. Accordingly, we reverse the judgment of the district court dismissing Mark’s petition as time-barred, and remand for further consideration of his petition.
REVERSED and REMANDED.

. This rule stands in contrast to the rule governing civil actions in the Texas trial courts. A civil plaintiff may voluntarily dismiss his case in the trial court — without the need for a court order — "[a]t any time before the plaintiff has introduced all of his evidence.” Tex.R. Civ. P. 162. Such a dismissal is effective immediately upon filing. See Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex.2010) ("A nonsuit extinguishes a case or controversy from the moment the motion is filed ...; the only requirement is the mere filing of the motion with the clerk of court.” (internal quotation marks omitted)).

. The fact that the Court of Appeals issued its mandate on the same day it granted Mark’s motion to dismiss the appeál is similarly irrelevant. Our precedent squarely forecloses any argument that finality under AEDPA turns on the date the state court issues its mandate: ”[T]he issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A),” which asks only when the time for seeking further direct review expired. Roberts, 319 F.3d at 694-95.

. We have held that "final” should be given a consistent meaning in habeas proceedings whether under § 2255, which governs habeas petitions based on federal convictions, or § 2254, which governs habeas petitions based on state convictions. See, e.g., United States v. Plascencia, 537 F.3d 385, 388 (5th Cir.2008). Specifically, convictions — whether state or federal — become "final” under AEDPA when the process of direct review comes to an end. See id. The distinction between the two becomes important because state and federal convictions necessarily entail different processes of direct review and, of course, the timeline of the appeal process may vary between state court and federal court, and even from state to state. For this reason, we have recognized that even though "final” should be given a uniform construction, "some consideration of state law is inevitable when analyzing [AEDPA] limitations.” Foreman, 383 F.3d at 339.