GARWOOD, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the direct appeal of Mark’s state conviction terminated not later than February 22, 2005, when Mark’s appeal was dismissed by the Texas Court of Appeals pursuant to Mark’s voluntary motion to dismiss his appeal.[1]
I would apply the general rule long recognized in this and most other circuits that when a party, after giving timely notice of appeal, has his appeal dismissed on his own motion, he is thereby “placed in the same position as if [he] had never filed a notice of appeal in the first place.” Williams v. United States, 553 F.2d 420, 422 (5th Cir.1977). See also, e.g., Barrow v. Falck, 977 F.2d 1100, 1103 (7th Cir.1992) (“A notice of appeal filed and dismissed voluntarily is gone, no more effective in conferring jurisdiction on a court than a notice never filed,” citing Williams); Futernick v. Sumpter, 207 F.3d 305, 312 (6th *197 Cir.2000) (quoting with approval above quoted passage from Barrow). To the same effect is United States v. Arevalo, 408 F.3d 1233, 1236 (9th Cir.2005). See also United States v. Outen, 286 F.3d 622, 631 & n. 5 (2d Cir.2002) (“A withdrawal of an appeal ... brings the appeal to an end,” quoting with approval the above quoted language from Barroiv). Relying on the foregoing authorities, the Third Circuit recently held that a COA was not justified to challenge the district court’s holding that the appellant’s section 2255 challenge was barred because filed more than one year after “his direct appeal was voluntarily dismissed” with the result that “further direct review is no longer possible.” United States v. Sylvester, 258 Fed. Appx. 411 (3d Cir.2007).[2] See also Brown v. Quarterman, 2007 WL 949800 (N.D.Tx. 2007), at n.l (“Where a habeas petitioner appeals his conviction but later dismisses the appeal, nearly every federal court to address the issue has held that the judgment becomes final for limitations purposes on the date the appeal is dismissed”); United States v. Martin, 2008 WL 4211153 (ND.Tx.2008) (holding that the section 2255 petitioner’s “voluntary dismissal of her appeal is the date of finality of her judgment for purposes of’ the one year limitation period). And, in United States v. Solis-Gonzalez, 254 F.3d 1080 (table), 2001 WL 563745 (5th Cir.2001, unpub.), we affirmed the district court’s dismissal of the section 2255 petition as being time barred, noting that the appellant had not properly briefed his arguments that the petition was timely, but we went on to state: “Even if we were to consider the timeliness of appellant’s petition, he would have difficulty persuading us that, although he voluntarily dismissed his appeal, the one-year period should be extended by the time limit for filing a petition for certiorari.” Id. n.l.
It is recognized that an exception to the above rule applies where a timely motion to reinstate the appeal or set aside the dismissal thereof is filed on the basis that the appellant’s motion to dismiss the appeal was involuntary, or based on ineffective assistance of counsel, or made without consent of the appellant. See Futernick at 312. An example of this is presented by Latham v. United States, 527 F.3d 651 (7th Cir.2008).
That character of exception should not apply here. First, at no time has Mark ever sought to challenge the voluntariness or propriety of his motion to dismiss the appeal (or the propriety of the dismissal itself) either in the state court system or in his instant 2254 proceeding (or otherwise). Second, as the Court pointed out in Jimenez v. Quarterman, 555 U.S. 113, 129 S.Ct. 681, 686 n. 4, 172 L.Ed.2d 475 (2009), it continues to adhere to the rule “that the possibility that a state court may reopen direct review ‘does not render convictions and sentences that are no longer subject to direct review nonfinal’ ” (quoting Beard v. Banks, 542 U.S. 406, 124 S.Ct. 2504, 2510-11, 159 L.Ed.2d 494 (2004)). As stated in that footnote, Jimenez “merely hold[s] that, where a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.”
We have applied essentially the same principle in a variety of contexts. In United States v. Plascencia, 537 F.3d 385 (5th Cir.2008), we addressed a situation in which notice of appeal from Plascencia’s challenged conviction was due to be filed by January 12, 2004. Notice of appeal was filed on January 15, 2004, but within the *198 time allowed by Fed. R.App. P. 4(b)(4), and we construed the notice of appeal as a timely motion to extend the time for filing notice of appeal where good cause or excusable neglect is shown for failure to timely file the notice of appeal. The trial court ultimately held, after remand by this court, that there was no good cause or excusable neglect, and we affirmed that holding on June 9, 2004. Plascencia’s section 2255 motion was filed June 15, 2005. The district court dismissed it, holding that it was filed more than a year after the underlying conviction became final on January 12, 2004, when the time for filing notice of appeal expired without any notice having been given. Plascencia contended, however, that his conviction did not become final until September 2004, when the 90 day period for seeking certiorari from our June 9, 2004 order affirming the trial court’s holding denying Plascencia’s January 15, 2004 “motion” expired. We rejected his contention and held that the underlying conviction became final on January 12, 2004, when the time for filing notice of appeal expired without any such notice having been filed. Id. at 390. To the same effect as Plascencia is Randle v. Crawford, 578 F.3d 1177, 1183-85 (9th Cir.2009), holding the challenged state conviction became final when the time for filing notice of appeal from the convicting Nevada trial court expired without such a notice being filed and not on the later date when the Nevada Supreme Court dismissed the appeal as being untimely. Other similar cases are United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir.2006); Moshier v. United States, 402 F.3d 116, 118 (2d Cir.2005); Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999).
The majority’s opinion here is in conflict with Plascencia and contrary to the admonition in Jimenez’s footnote 4.[3]
The majority holds that Mark’s conviction did not become final until 30 days after the Court of Appeals granted his motion to withdraw his appeal on February 22, 2005, and dismissed the appeal, because within that 30 days he could have sought discretionary review in the Court of Criminal Appeals of that decision of the Court of Appeals. However, there is nothing to indicate that any such review would include anything whatever related to the underlying conviction, and would not rather simply review whether the appeal should be reinstated.[4] As we said in Plascencia rejecting the contention that the there challenged federal conviction did not become final until the expiration of 90 days in which certiorari could be sought from our dismissal of the appeal as untimely and rejecting the timely filed Fed. R.App. P. 4(b)(4) motion for extension of time in which to file notice of appeal, “seeking certiorari review of the denial of such a motion is not the same as seeking review of an adjudication of the merits of Plascencia’s direct criminal appeal.” Plascencia at 389 n. 17. This, of course, is what the Jimenez footnote 4 is saying, namely “the *199 possibility that a state court may reopen direct review ‘does not render convictions and sentences that are no longer subject to direct review nonfinal.’ ” If direct review is reopened, then the conviction is not final until it is otherwise concluded. The mere possibility that direct review might be reopened, all that is present here or was present in Plascencia, does not suffice.[5]

. Mark's lawyer mailed the motion to withdraw the appeal and for voluntary dismissal to the court of appeals (with a copy to the State's attorney) on February 3, 2005. The motion was signed by Mark individually, as well as by his counsel. The court of appeals received the motion on February 8, 2005, and issued an opinion granting appellant's motion to withdraw the appeal and dismissing the appeal on February 22, 2005, and on the same day the mandate of the court of appeals signed by its deputy clerk was issued allowing appellant to withdraw his appeal and dismissing the appeal and certifying that decision for observance, the mandate being mailed on the same day, February 22, 2005, by the clerk of the court of appeals to the district court judge, the district court clerk, the attorney for appellant and the State’s attorney.

. These are § 2255 cases. However, we apply the same principles to § 2255(f) cases as to § 2241(d) cases. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir.2008).

. I also note the Supreme Court’s June 13, 2011 grant of certiorari (Gonzalez v. Thaler, 79 U.S.L.W.3696 (U.S.2011)) in Gonzalez v. Thaler, 623 F.3d 222 (5th Cir.2010), presenting the issue, inter alia, of whether for purposes of § 2244(d)(1)(A), the challenged state conviction became final on the expiration of time for filing a petition for discretionary review with the Texas Court of Criminal Appeals respecting the Texas Court of Appeals’s affirmance of the challenged conviction or on the subsequent issuance of the mandate by the Texas Court of Appeals.

. Absolutely no authority is cited concerning or involving any Court of Criminal Appeals direct review of a Texas Court of Appeals order granting a written motion to dismiss a criminal appeal signed by appellant and counsel and served on the state, or any other such motion.

. To the extent that Latham may suggest odierwise, it is contrary to Plascencia.