# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 10-40414

Lyle W. Cayce
Clerk

DANIEL RODRIGUEZ,

Petitioner - Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, GARZA, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Pursuant to a certificate of appealability (COA) granted by this court on November 30, 2010, Daniel Rodriguez, Texas prisoner # 1473833, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred. Because we conclude that Rodriguez did not waive his right to direct appeal and as a result his habeas petition was timely under AEDPA, we REVERSE the judgment of the district court and REMAND for the district court to consider Rodriguez's habeas petition on the merits.

No. 10-40414

I.

Rodriguez pleaded guilty to driving while intoxicated. On September 13, 2007, the state trial court sentenced Rodriguez to 25 years in prison, based in part on Rodriguez's two prior felony convictions. Rodriguez did not file a direct appeal, but filed a state habeas corpus application on September 10, 2008, claiming ineffective assistance of counsel. The Texas Court of Criminal Appeals denied Rodriguez's application on April 8, 2009.

Rodriguez then filed this § 2254 habeas petition on April 15, 2009, claiming ineffective assistance of counsel because of, *inter alia*, his attorney's failure to discover that the judgment in one of his prior convictions was allegedly void. The district court dismissed Rodriguez's petition as barred by the applicable one-year limitations period. 28 U.S.C. § 2244(d). With limited exceptions not applicable here, that limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The district court ruled that, because Rodriguez waived his right to appeal as part of his guilty plea, the one-year limitations period began to run on the date of Rodriguez's sentencing—September 13, 2007—rather than 30 days later, after the expiration of the time usually allowed for filing a notice of appeal. The district court therefore found that Rodriguez filed his September 10, 2008, state habeas application 362 days, rather than 332 days, after his federal limitations period began to run. Because the limitations period is tolled during the pendency of a properly filed state habeas application, *see* 28 U.S.C. § 2244(d)(2), the district court found that Rodriguez's § 2254 petition was due three days after the April 8, 2009, denial of his state habeas application. Allowing extra time because April 11 fell on a Saturday, the district court ruled that Rodriguez's petition could be filed no later than Monday, April 13, 2009. Because Rodriguez

2

No. 10-40414

did not file his § 2254 petition until April 15, the district court ruled that it was time-barred.

The district court denied a COA. Because "jurists of reason would find it debatable whether [Rodriguez's] § 2254 petition raised a valid claim of the denial of his Sixth Amendment right to the effective assistance of counsel," this court granted a COA "as to whether Rodriguez actually waived his right to appeal" and as to "whether an appellate proceeding that results in a dismissal pursuant to the enforcement of an appeal waiver . . . constitute[s] 'direct review' under § 2244(d)(1)(A)."[1] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (where a district court has dismissed a habeas petition on procedural grounds, a court may issue a COA only if the petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"); *see also Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

## II.

We review *de novo* a district court's denial of a habeas petition on procedural grounds. *Mark*, 646 F.3d at 193. We conclude that the district court improperly dismissed Rodriguez's habeas petition as time-barred because the record does not establish that Rodriguez actually waived his right to appeal. To

---

[1] Respondent argues that where an appeal waiver exists a conviction becomes final immediately, not 30 days later, because "[a] court cannot define 'direct review' by indulging the assumption that prisoners will dishonor the commitments that they make in plea agreements." Respondent's reasoning would seem to require the habeas court to delve into the merits of a hypothetical appeal to determine the date by which a conviction becomes final for purposes of calculating AEDPA deadlines. Moreover, we have made clear in a related context that "[t]he merits of [a hypothetical post-conviction petition] are simply not germane to the analysis of whether the 'availability of direct appeal to the state courts . . . has been exhausted.'" *Mark v. Thaler*, 646 F.3d 191, 194 (5th Cir. 2011) (quoting *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009)). Nevertheless, because we conclude that Rodriguez did not waive his right to appeal, we do not decide this second question for which we granted a COA in this case.

the contrary, Rodriguez's plea agreement, which the trial court explicitly approved at Rodriguez's sentencing hearing, advised Rodriguez that he "has the right to appeal." The agreement later stated that "in a plea bargain case" in which "the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant," the "defendant may appeal only those matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal." To be sure, Rodriguez, his attorney, and the prosecutor signed a document entitled "Proposed Punishment Recommendation," which indicated that "the State, upon Defendant's plea of guilty, will recommend to the Court that . . . Defendant waives any rights he might have to appeal this case." The transcript of Rodriguez's sentencing, however, reflects that the State never recommended to the trial court that Rodriguez was waiving his right to appeal. Moreover, the trial court only asked if Rodriguez understood and signed the Proposed Punishment Recommendation, but did not adopt or approve that document as it did Rodriguez's plea agreement. Given the inconsistency between the Proposed Punishment Recommendation and Rodriguez's actual plea agreement, which the trial court explicitly approved, we conclude that the latter controls. Rodriguez did not waive his right to appeal.

Because Rodriguez had 30 days during which to pursue direct review of his sentence, the district court should have found, pursuant to 28 U.S.C. § 2244(d)(1), that the one-year limitations period for Rodriguez's habeas petition began to run on October 13, 2007 instead of September 13, 2007. Accordingly, after allowing for the tolling of the limitations period during the pendency of his state habeas application, Rodriguez's § 2254 petition was due on May 11, 2009, not April 11, 2009. His April 15, 2009, filing was therefore timely, and the district court improperly dismissed his habeas petition as time-barred.

No. 10-40414

III.

We REVERSE the judgment of the district court and REMAND for the district court to consider Rodriguez's habeas petition on the merits.