**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

No. 11-40424
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

ANDRES SOSA-SAUCEDO, also known as Llantas,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-491
USDC No. 6:07-CR-98-3

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andres Sosa-Saucedo, federal prisoner # 14887-078, moves for a certificate of appealability (COA), for appointment of counsel, and to proceed in forma pauperis (IFP) to appeal the denial of his 28 U.S.C. § 2255 motion challenging his guilty-plea conviction for conspiracy to possess with intent to distribute and distribution of methamphetamine, cocaine, and marijuana. In his § 2255 motion, Sosa raised issues concerning ineffective assistance of counsel and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

validity of his guilty plea and sentence. The district court dismissed Sosa's § 2255 motion as untimely.

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If a district court has rejected a claim on procedural grounds, as in the instant matter, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Section 2255(f) sets forth a one-year time limitation in which a federal prisoner must filed a § 2255 motion. The limitation period runs from, inter alia, the date that the challenged conviction becomes final. § 2255(f)(1). In the instant matter, Sosa's conviction became final on October 17, 2008, when the time to file his direct appeal expired.[1] *See* FED. R. APP. P. 4(b)(1)(A) (2008); FED. R. APP. P. 26(a)(2) (2008); *United States v. Plascencia*, 537 F.3d 385, 388-90 (5th Cir. 2008).

Thus, under § 2255(f), Sosa had until October 17, 2009, to file a timely § 2255 motion. *See Plascencia*, 537 F.3d at 388-90. The seventeenth, however, was a Saturday; thus, the one-year time limitation ended on Monday, October 19. See Fed. R. App. P. 26(a). As the district court determined, Sosa's certificate

---

[1] In 2008, Sosa had ten days excluding weekends and legal holidays to file a timely notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A) (2008); FED. R. APP. P. 26(a)(2) (2008). The ten-day time period began on October 3, 2008, excluded October fourth (Saturday), fifth (Sunday), eleventh (Saturday), twelfth (Sunday), and thirteenth (Columbus Day), and concluded on October 17, 2008. *See* FED. R. APP. P. 4 (2008); FED. R. APP. P. 26 (2008).

of service for his § 2255 motion, which is in compliance with § 1746, reflects that the motion was filed, as it was delivered to prison authorities for mailing, on October 19, 2009. *See Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998); 28 U.S.C. § 1746; FED. R. APP. P. 4(b)(1)(A) (2008); FED. R. APP. P. 26(a)(2) (2008). Thus, Sosa's motion was timely. Additionally, "the district court pleadings, the record, and the COA application . . . are unclear or incomplete" as to whether reasonable jurists could debate whether Sosa has made a valid claim of the denial of a constitutional right. *See Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004).

Accordingly, Sosa's motion for a COA is GRANTED; his motion to proceed IFP is GRANTED; motion to appoint counsel DENIED; the district court's judgment dismissing the motion as untimely is VACATED and the matter is REMANDED for further proceedings. *See id.*; *Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998).