NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 29, 2013
Decided September 5, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3319

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 1:11-CR-79-TLS-RBC-1 |
| JAMES K. RAY, *Defendant-Appellant.* | Theresa L. Springmann, *Judge.* |

**O R D E R**

While executing a search warrant at James Ray's home, police discovered 11 firearms in his bedroom and marijuana growing in the basement. That same day police stopped Ray for a traffic violation and found a loaded pistol in his back pocket. Ray was charged with possessing a firearm as a convicted felon, *see* 18 U.S.C. § 922(g)(1), and maintaining a residence to manufacture a controlled substance, *see* 21 U.S.C. § 856(a)(1). He pleaded guilty to the gun violation as part of a written plea agreement that would bind the district court to a within-guidelines sentence of 94 months' imprisonment, *see*

No. 12-3319

FED. R. CRIM. P. 11(c)(1)(C), and require Ray to waive his right to appeal. The district court accepted the plea agreement and imposed the negotiated sentence.

Ray nevertheless filed a notice of appeal. His appointed lawyer believes that the appeal is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738, 744 (1967). Ray has not responded to counsel's motion, *see* CIR. R. 51(b), and we confine our review to the matters discussed in counsel's facially adequate brief, *see United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel advises us that Ray does not want his guilty plea set aside, so counsel properly omits discussion about the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox,* 287 F.3d 667, 671–72 (7th Cir. 2002). It follows, says counsel, that Ray's appeal waiver makes this case frivolous. We agree. Because an appeal waiver stands or falls with the guilty plea, *United States v. Zitt,* 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion,* 649 F.3d 634, 639 (7th Cir. 2011); *United States v. Cole,* 569 F.3d 774, 776 (7th Cir. 2009), we must enforce Ray's appeal waiver.

Moreover, although the appeal waiver in Ray's plea agreement does not affect our jurisdiction, *see Latham v. United States,* 527 F.3d 651, 563, (7th Cir. 2008); *United States v. Mason,* 343 F.3d 893, 893 (7th Cir. 2003), a different portion of that agreement does: A defendant who agrees to a specific sentence cannot appeal that sentence unless the guilty plea was involuntary, the sentence was imposed in violation of the law, or the sentence is greater than the one he bargained for. *See* 18 U.S.C. § 3742(a)(1), (c)(1); *United States v. Gibson,* 490 F.3d 604, 607 (7th Cir. 2007); *United States v. Cieslowski,* 410 F.3d 353, 363–64 (7th Cir. 2005). But Ray does not want his guilty plea set aside, and he received the agreed upon sentence, which is below the 10-year statutory maximum, *see* 18 U.S.C. 924(a)(2).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.