**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1667
_____

JAMAHL HARIM SIMMONS,
Appellant

v.

STATE OF PENNSYLVANIA, d/b/a Louis D. Lappen
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00873)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2018
Before: SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed July 16, 2018)
_____

OPINION[*]
_____

PER CURIAM

 Jamahl Simmons, proceeding pro se, appeals the District Court's sua sponte

dismissal of his complaint. We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2015, Simmons was found guilty on drug and firearms charges. In April 2016, he was sentenced to a term of imprisonment of 300 months. An amended judgment and conviction was entered in July 2016. Since then, Simmons has filed two notices of appeal; one was a direct appeal from his judgment. However, he eventually asked this Court to dismiss that appeal in June 2017. He has also filed numerous motions in the District Court, to no avail, requesting the return of property, and a mandamus petition in this Court.[1]

In this case, Simmons filed a complaint in January 2018, naming the State of Pennsylvania as a defendant. Simmons's pleading discussed the District Court's jurisdiction, the Government's "fiduciary trusteeship duty," demanded the return of his property, referenced the Uniform Commercial Code, sought the appointment of the then-Acting U.S. Attorney as a trustee, demanded his release from prison, and argued that his criminal judgment was void. The District Court sua sponte dismissed the complaint, without prejudice, after concluding that Simmons was seeking to use a civil action to obtain release from custody and the return of forfeited property. The District Court noted that a motion under 28 U.S.C. § 2255 was the proper vehicle to challenge a conviction or sentence. After his motion for reconsideration was denied, Simmons timely appealed.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a District Court's decision dismissing a complaint. See Mack v. Warden Loretto FCI, 839 F.3d

---

[1]Based on one of the motions he filed in his criminal case, it appears that Simmons requested the return of a truck, $7,000 in cash, jewelry, two houses, and miscellaneous property valued at $500,000. See Eastern District of Pennsylvania Case No. 2-13-cr-00669-001, ECF No. 327.

286, 294 n.29 (3d Cir. 2016) (citing Finkelman v. Nat'l Football League, 810 F.3d 187, 192 (3d Cir. 2016)).

We will affirm the order of the District Court.[2] The District Court properly dismissed Simmons's complaint because a motion filed under § 2255 in the sentencing court is the means for a federal prisoner to challenge the validity of his conviction or sentence. See Davis v. United States, 417 U.S. 333, 345-46 (1974); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although Simmons's claims were incoherent and lacked detail, his complaint clearly sought to challenge his federal conviction by disputing the District Court's jurisdiction over criminal cases, including his own.[3] Thus, the District Court was correct in its decision to dismiss Simmons's complaint. Furthermore, under the circumstances of this case, including the nature of

---

[2]Because Simmons paid the filing fee in the District Court, his suit was not considered for dismissal under 28 U.S.C. § 1915. See, e.g., Grayson v. Mayview State Hosp., 293 F.3d 103, 109 & n.10 (3d Cir. 2002). Nevertheless, a District Court may sua sponte dismiss a complaint when the allegations within the complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations omitted) (quotation marks omitted); see also 28 U.S.C. § 1915A (requiring review of all prisoner complaints). We conclude that this was such a case.

[3] We note that it was unclear if Simmons's request for the return of property was contingent or separate from his argument about criminal jurisdiction. However, if his request was separate, his remedy was Federal R. Crim. P. 41(g). See United States v. Chambers, 192 F.3d 374, 376-77 (3d Cir. 1999). We note that Simmons has already filed one Rule 41(g) motion, which was granted in part, denied in part, and denied without prejudice in part by the District Court. Although Simmons cannot relitigate that motion here, he may be able to still pursue that part of his request that was denied without prejudice.

3

Simmons's filing[4] and the time that still remained for him to file a timely § 2255 motion,[5] the District Court's decision to not recharacterize Simmons's complaint as a § 2255 motion was not an abuse of discretion. Cf. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (explaining that we review the District Court's docket management decisions with considerable deference, only interfering upon a clear showing of substantial prejudice).

Accordingly, we will affirm the District Court's dismissal of Simmons's complaint.

---

[4] Simmons's contention that the Uniform Commercial Code determines a court's jurisdiction in criminal proceedings is quite frivolous. See United States v. Velazquez, 772 F.3d 788, 794 n.1 (7th Cir. 2014).

[5] Simmons's direct appeal was voluntarily dismissed on June 26, 2017. A one-year statute of limitations governs the filling of 28 U.S.C. § 2255 motions. See 28 U.S.C. § 2255(f). Accordingly, when the District Court dismissed Simmons's case on February 28, 2018, or even when it denied his motion for reconsideration on March 14, 2018, ample time remained for him to file a timely § 2255 motion. We note that it may still be possible for Simmons to file a timely § 2255 motion. At least one court of appeals has held that a conviction becomes final only 90 days after a voluntary dismissal has been entered, when the time for filing a petition for certiorari has run. See Latham v. United States, 527 F.3d 651, 653 (7th Cir. 2008). If that is so, and we do not decide the question for ourselves here, Simmons's conviction did not become final until September 25, 2017 – and he would have one year from that date to timely seek § 2255 relief. It is also possible that Simmons might be able to benefit from equitable tolling of the limitations period. See Holland v. Florida, 560 U.S. 631, 649 (2010). At all events, if Simmons wishes to seek collateral relief from his criminal conviction, he needs to act quickly.