Johnny Calvin HEWITT  *v.*
STATE of Arkansas

CR 04-37

208 S.W.3d 185

Supreme Court of Arkansas
Opinion delivered May 12, 2005

*Terry Goodwin Jones*, for appellant.

No response.

PER CURIAM. Johnny Calvin Hewitt entered guilty pleas to eight counts of felony theft by receiving on August 18, 2003. At his sentencing hearing on October 9, 2003, he moved to withdraw his plea. The court denied the motion, and sentenced Hewitt to two years' imprisonment on the first count, and ten years' suspended sentence on each of the remaining counts. No order was filed on the motion, but the judgment was entered October 9, 2003. Notice of appeal was filed on the court's decision not to allow withdrawal of the plea and imposition of the sentence. The court then appointed Terry Goodwin Jones to represent Hewitt on appeal.

Ms. Jones has filed a brief asserting that any appeal of the denial of postconviction relief would be wholly without merit and asking that she be allowed to withdraw as counsel. *Anders v. California*, 386 U.S. 738 (1967) and Arkansas Supreme Court Rule 4-3(j)(1) set requirements for the withdrawal of counsel for a defendant in a criminal case after a notice of appeal has been filed on the basis that an appeal is without merit. Under the rule, a court-appointed attorney who wishes to withdraw from an appeal must abstract and brief all of the rulings that were adverse to his client. Appellant was provided a copy of counsel's brief, and has filed no response. The State has declined to file a brief since appellant has raised no points for reversal. Based on our review of the issues presented, we conclude that the appeal should be dismissed and grant the motion to withdraw.

Generally, under Ark. R. App. P.—Crim. 1, there is no right to appeal a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Ark. R. Crim. P. 24.3. *Seibs v. State*, 357 Ark. 331, 166

S.W.3d 16 (2004). The record indicates there was no motion to suppress filed and that the plea was not conditional. We have recognized two other exceptions to the general rule, as set out in *Seibs* and *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). The two exceptions are: (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *Seibs*, 357 Ark. at 334-35, 166 S.W.3d at 17; *Bradford*, 351 Ark. at 399, 94 S.W.3d at 907. The case at hand does not fall within either exception.

While there was a challenge during the sentencing hearing, it was not a challenge to testimony or evidence presented to a jury. The only challenge, and the sole adverse ruling here, was the denial of the request to withdraw the plea. The record does not indicate that any posttrial motion was filed. Thus, none of the recognized exceptions apply in this situation, and we therefore have no jurisdiction of this appeal. *See Seibs* , 357 Ark. at 335, 166 S.W.3d at 18.

██ Although the notice of appeal indicates it was filed on the court's decision against the motion to withdraw the plea, there was no written motion or any order entered addressing the oral motion to withdraw the plea. The only potentially appealable order on this issue under our Administrative Order No. 2 was the judgment and commitment order filed October 9, 2003. An oral order is not effective until entered of record. *See Bradford*, 351 Ark. at 400-401, 94 S.W.3d at 908-909. It is the appellant's obligation to properly preserve an issue for review. *See Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000). Having failed to obtain an order on the motion to withdraw his plea separate from the judgment entered on his guilty plea, appellant is left with no order to appeal.

██ Even so, appellant was not without a remedy to contest the adverse ruling received. If appellant had elected to pursue a petition for postconviction relief under Ark. R. Crim. P. 37.1, rather than an appeal, the issue of the denial of the motion to withdraw the plea in accord with Ark. R. Crim. P. 26.1 could have been developed before the trial court. As it is, we are without jurisdiction, and the appeal must be dismissed. Since there is no merit to the appeal, we grant counsel's motion to withdraw.

Appeal dismissed.