2010 Ark. App. 779

**Ismael GARDUNO–TREJO, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–168.**

Court of Appeals of Arkansas.

Nov. 17, 2010.

William Benjamin Putman, Taylor Law Partners, LLP, and Wendy R. Howerton, Howerton Law Firm, Fayetteville, for appellant.

Dustin McDaniel, Atty. Gen., Vada Berger, Asst. Atty. Gen., Little Rock, for appellee.

RITA W. GRUBER, Judge.

Ismael Garduno–Trejo brings this appeal from an order by the Circuit Court of Benton County that granted petitions by

the State to revoke a suspended sentence for delivery of a controlled substance, a Class Y felony, and a supervised probation for possession of a controlled substance, a Class C felony. He contends on appeal that the circuit court erred 1) in basing the revocations upon conduct that occurred before the judgment and commitment order had been entered; and 2) in sentencing him to a term of imprisonment that exceeded the maximum allowable under Arkansas law. We reverse on the first point.

The State alleged in its petition for revocation of suspended sentence that Garduno–Trejo's suspended imposition of sentence was entered on March 17, 2009, and that he violated its conditions as follows: he was arrested by federal officials for selling approximately one pound of methamphetamine to an informant on March 24, 2009, and methamphetamine and paraphernalia were found in his home after the arrest. The State alleged in its second petition that Garduno–Trejo's suspended sentence or probation was entered on March 17, 2009, and that he violated conditions on March 24, 2009, by delivering methamphetamine. The circuit court granted the two petitions, and Garduno–Trejo was sentenced on each of the underlying drug offenses to forty years' imprisonment to be followed by a ten-year suspended sentence.

The parties do not dispute that at a plea hearing on March 17, 2009, Garduno–Trejo pled guilty and was sentenced by the court to five years' supervised probation on the Class C felony and ten years' suspended imposition of sentence on the Class Y felony. Three documents were filed on the date of the hearing: all have an identical case number styled *State v. Ismael Garduno–Trejo* in the Benton County Circuit Court. A "Judgment and Disposition Order" in the case was filed on March 26, 2009.

The first document that was entered on March 17, 2009, entitled "Plea Agreement and Order," is comprised of two parts. The first part reflects Garduno–Trejo's agreement to plead guilty to the two drug charges, the prosecutor's agreement to recommend concurrent sentences of five years' supervised probation and ten years' suspended imposition, and an assessment of court costs and a fine; the agreement is signed by Garduno–Trejo, his attorney, and the prosecutor. The second part of the document is entitled "Order": it bears the judge's signature under the statement "it is so ordered," but nothing is marked on the form to show that "Defendant's plea is rejected/accepted/noted/deferred" or "Defendant is sentenced pursuant to Plea Agreement (as is) (as modified)."

The second document entered on March 17, 2009, bears no separate title. It recites that Garduno–Trejo, "having entered a plea of guilty or having been found guilty" on March 17, 2009, for Class C possession of a controlled substance and the court "having suspended the imposition of sentence or having placed the defendant on probation" for five years, is ordered to abide by conditions listed in the document. One condition is that he not commit a criminal offense punishable by imprisonment; another is that he pay court costs, a $1000 fine, and other costs set forth in the document. Garduno–Trejo's signature appears on this document. The agreement requires Garduno–Trejo not to violate any laws and to abide by every requirement set out in the court's order, "included herein as if set out verbatim." The document was signed by Garduno–Trejo.

The final document entered on March 17, 2009, a "Suspended Sentence Agreement," states that Garduno–Trejo was sentenced on March 17, 2009, to ten years' suspended imposition of sentence conditioned upon good behavior. Like the sec-

ond document, it requires that Garduno–Trejo not violate any laws, requires that he abide by every requirement of the court's order "included herein," and bears signatures of the judge, Garduno–Trejo, and his attorney.

A "Judgment and Disposition Order" was filed on March 26, 2009. It reflects that Garduno–Trejo appeared in court on March 17, 2009, on the two drug offenses and was advised of the effect of a guilty plea. It states that he "entered a plea" to each offense and was <u>⌊4</u>sentenced by the court to the respective sentences of five years' supervised probation and ten years' suspended imposition of sentence, the sentences to run concurrently. The issue we must decide is whether the suspended sentence and probation were in effect on March 24, 2009, the date that their conditions were violated. We hold that they were not.

The State asserts that this case is governed by *Richardson v. State*, 85 Ark.App. 347, 157 S.W.3d 536 (2004), where we rejected the appellant's argument that the trial court was without jurisdiction to revoke his suspended sentence before the period of suspension began. Richardson did not report as scheduled, eventually was caught after fleeing from officers, and was brought back before the court on a petition to revoke the suspended imposition of sentence that had been filed on January 22, 2003. We held that the period of suspension commenced to run on the day it was imposed, January 15, and that Richardson's failure to surrender was a violation of the good-behavior and law-abiding conditions for which he had signed.

We agree with Garduno–Trejo that entry of judgment was never an issue in *Richardson*. There, the appellant entered two guilty pleas on January 15, 2003, was sentenced to eleven years' imprisonment on the first offense, and was given ten years' suspended imposition of sentence on

the second; on the same date he signed written terms and conditions of the suspended sentence. We stated, "After the trial court accepted appellant's guilty pleas and sentenced him, it allowed him to remain out of custody until the following Monday morning, January 20, 2003, at which time he was to report to the sheriff to begin serving his sentences." ⌊5 85 Ark. App. 347, 349, 157 S.W.3d 536, 538. *Richardson* is not analogous to the present case.

The State also asserts that Garduno–Trejo, like the appellant in *Ainsworth v. State*, 367 Ark. 353, 240 S.W.3d 105 (2006), cannot show prejudice because he had signed and acknowledged the condition of his suspended sentence and probation. The appellant in *Ainsworth* signed a plea agreement on June 26, 2001, admitting to two criminal charges; the circuit court accepted the plea agreement, sentenced him to five years' probation for each count, fined him on the conspiracy count, imposed court costs and sentenced him to eighty hours of community service. Apparently, no judgment and disposition order was entered; the only records reflecting the oral pronouncement of the sentence were the plea agreement, a criminal docket sheet, and a circuit court time-pay sheet. The appellant met with his probation officer during 2001. In September 2002 a petition to revoke probation was filed against him; he was eventually arrested and detained for three weeks in July 2004. He later made some payments toward his fines, but in August 2004 and in 2005 he filed motions to dismiss the revocation petition and all criminal proceedings. At a hearing in November 2005, the trial judge signed an order denying the motions to dismiss and denying the petition to revoke, and announced that a judgment and disposition order would be entered nunc pro tunc. On December 8, 2005, the court entered a nunc pro tunc order referencing

the previous guilty pleas and subsequent sentences, and reducing the fines from $2000 to $1000.

The *Ainsworth* appeal arose from the denial of appellant's motions to dismiss and the trial court's entry of the nunc pro tunc order. The supreme court found that the appellant had operated under the assumption that the judgment against him was valid, as shown by his actions such as meeting with his probation officer and partially paying his fine. Further, because he was aware of his guilty plea, its acceptance by the court, and the penalties imposed as a result of that plea, he had failed to show how he was inconvenienced or prejudiced by the entry of the nunc pro tunc judgment. Garduno–Trejo correctly points out that, unlike the present case, the trial court in *Ainsworth* appropriately sentenced the appellant to what had been ordered initially and subjected him to new punishment for current actions. Thus, it is not analogous to the present case.

We find guidance instead in *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), where the trial court pronounced judgment in open court for concurrent sentences of five years each on three separate felonies; eight days later the appellant appeared for re-sentencing and was sentenced to three consecutive five-year sentences. He argued on appeal that he was entitled to rely upon the sentence he received in open court, citing the provision of Ark.Code Ann. § 16–65–121 (Supp.2001) that "[a]ll judgments, orders, and decrees rendered in open court by any court of record ... are effective as to all parties of record from the date rendered and not from the date of entry of record."

The *Bradford* court noted that section 16–65–121 had been superseded in civil matters by Ark. R. Civ. P. 58, which provides that a judgment is effective upon entry of record. The court noted its declaration in *Price v. Price*, 341 Ark. 311, 16 S.W.3d 248 (2000), that its rules are supreme to acts of the General Assembly when the two conflict and that deference is given to an act only to the extent that the primary purpose and effectiveness of the rule are not compromised. 341 Ark. at 315, 16 S.W.3d at 251. The *Bradford* court noted that the court's Administrative Order No. 2 also emphasized the principle that a judgment is effective upon entry of record, which occurs when it is filed, and it declared that the superseded principle applied in criminal cases. Citing the holding of *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997), that a criminal judgment and sentence were effective when entered or filed, the *Bradford* court held that judgment and commitment orders are effective upon entry of record. 351 Ark. at 401, 94 S.W.3d at 909.

*Bradford* then applied the superseded principle to the provision of Ark.Code Ann. § 5–1–112(2) (Repl.1997) that a guilty plea is effective once it is accepted by the trial court and at that time equates to a judgment of conviction:

> We have held in this opinion that entry of the judgment and commitment order is what determines the effectiveness of a guilty plea and that a guilty plea may be withdrawn in accordance with our criminal rules under certain circumstances. The accepted guilty plea of February 25, 2002, with the resulting sentence on that date was never memorialized as a judgment and commitment order and entered of record. Hence, it was never an effective judgment of conviction.

351 Ark. at 404, 94 S.W.3d at 910. *See also Hagen v. State*, 2010 Ark. 54, 2010 WL 395975 (holding that trial court erred in concluding that appellant's oral motion to withdraw his guilty plea, made after oral pronouncement of sentence but before judgment was entered, was not timely).

Our supreme court continues to state that an oral order is simply not effective

until entered of record. *Exigence, LLC v. Baylark*, 2010 Ark. 306, 367 S.W.3d 550; *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005). The *Baylark* court reiterated that a judgment or decree is not effective until it has been "entered" as provided in Rule 58 and Administrative Order No. 2(b)(2) (2009), which requires the clerk to denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word "filed." The judgment, decree, or order is entered when so stamped or marked by the clerk. *Id.*

In the "Plea and Agreement Order" of the instant case, the circuit court failed to circle the available options to reject, accept, note, or defer action on the plea; nor did the court indicate that the defendant was sentenced to the plea "as is" or "as modified." None of the three filings of March 17, 2009, can be said to constitute a judgment and commitment order. No single filing of that date is set forth on a separate document, and none has sufficient information and finality to allow an appeal to lie.

The circuit court erred in granting the petitions for revocation for actions Garduno–Trejo committed prior to entry of the judgment and disposition order. We have no choice but to reverse the orders of revocation. Because we reverse on the first point, we do not reach the issue of illegal sentence.

The revocations are reversed and dismissed. This case is remanded to the trial court for further action consistent with our decision.

Reversed and dismissed.

PITTMAN and GLOVER, JJ., agree.