



Cite as 2014 Ark. App. 419

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-43

| | | |
|---|---|---|
| | | **Opinion Delivered** June 18, 2014 |
| EDDIE JOE ANDRY | APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR-12-446-IV] |
| V. | | HONORABLE MARCIA HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

Appellant Eddie Joe Andry appeals his sentences for negligent homicide and leaving the scene of an accident involving death or personal injury. He was sentenced to an aggregate term of twenty-two years' imprisonment. Andry's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*,[1] and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals.[2] Our clerk provided Andry with a copy of counsel's brief and motion, and notified Andry of his right to file pro se points for reversal. Andry has submitted pro se points for reversal. We affirm the sentences and grant counsel's motion to withdraw.

---

[1]386 U.S. 738 (1967).

[2](2013).



Andry pled guilty to negligent homicide and leaving the scene of an accident involving death or personal injury,[3] and the issue of sentencing was submitted to a jury. Generally, under Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal, there is no right to appeal from a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rules of Criminal Procedure 24.3.[4] However, our supreme court has recognized two other exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself, and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself.[5]

Here, there was a separate sentencing hearing after Andry pled guilty. Therefore, an appeal challenging the evidence presented at the hearing can be heard. Counsel has abstracted and addressed in his argument three potentially adverse rulings: (1) the court's denial of Andry's suppression motion, (2) the court's denial of Andry's objection to the admission of prior convictions, and (3) the court's denial of Andry's objection to statements not based on evidence. Andry has listed points for reversal including: (1) his innocence, (2) his counsel's

---

[3]Andry was involved in a single-car accident on August 18, 2012. He was able to get out of the vehicle and leave the scene. His girlfriend, Angela Graves, was still in the vehicle at the time help arrived, and she subsequently died from injuries sustained in the accident. Appellant was located in a residential area not far from the scene of the accident, exhibiting signs of injury. He was transported to the local hospital for treatment. His blood was drawn before transport, and it revealed a blood-alcohol level of 0.19%.

[4]*Thomas v. State*, 2013 Ark. App. 318 (citing *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005)).

[5]*Id.*

ineffectiveness, (3) the unfairness of the make-up of the jury, and (4) his claim that the sentence he was offered was greater than sentences offered to others in similar cases in Garland County. Andry's pro se points are not preserved for review. From our review of the record and the brief presented to us, we hold that counsel has complied with the requirements of Rule 4–3(k), and we agree that there is no merit to this appeal.

Affirmed; motion to withdraw granted.

WYNNE and HIXSON, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.