
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–30

| | | |
|---|---|---|
| TARA N. WATTS | | **Opinion Delivered** September 2, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR-12-1422] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | | REMANDED TO SUPPLEMENT THE RECORD; SUPPLEMENTAL |
| | APPELLEE | ADDENDUM ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Tara Watts challenges the legality of her one-year prison sentence following her guilty plea to the State's second petition to revoke her probation. Because we must order both supplementation of the record and rebriefing, we are unable to address the merits of Watts's arguments at this time.

To understand the necessity for supplementation of the record and rebriefing, a recitation of the procedural history of this case is required. Watts and a codefendant were charged with one Class D felony count of theft by receiving.[1] After the State amended the charge to a Class A misdemeanor, Watts pleaded guilty and was sentenced to one year of

---

[1] The codefendant, Anthony Wayne Watts, shares the same last name as appellant Tara Watts. To avoid confusion, Anthony Wayne Watts will simply be referred to as "the co-defendant."

probation. A sentencing order was entered on October 2, 2012, directing that restitution be paid jointly and severally by Watts and the codefendant.

In February 2013, the State filed a petition to revoke Watts's probation, alleging that she had failed to report to her probation officer and failed to pay the court-ordered restitution. At a hearing on July 22, 2013, Watts pleaded guilty to the revocation. The circuit court accepted her guilty plea and stated, "Return to original terms, twelve months' probation beginning today, $200 fine plus court costs." The court also advised Watts that "if you come back in, I'm going to make you spend the rest of the year in jail."

The State filed a second petition to revoke Watts's probation in June 2014, again alleging her failure to report and failure to pay supervision fees. At a hearing on September 15, 2014, Watts again entered a guilty plea to the revocation. The circuit court sentenced Watts to one year in the Pulaski County jail, with thirty days of jail credit. Following entry of the sentencing order, Watts filed a timely notice of appeal. On appeal, Watts argues that the one-year jail sentence was illegal.

As previously mentioned, we are unable to address the merits of Watts's argument at this time and must order both supplementation of the record and rebriefing. After the record was lodged with our clerk's office, Watts's counsel filed a motion to supplement the record, pointing out that the October 2, 2012 sentencing order had been inadvertently omitted from the record. This court granted the motion and counsel supplemented the record with an October 2, 2012 sentencing order. The order that was placed in the record, however, names Watts's codefendant as the person being sentenced. It does state that "restitution is joint and

several with codefendant, Tara Watts," and we note that Watts's and the codefendant's criminal cases both have the same case number.

While this may have been merely an inadvertent mistake, given the identical last names and case number, we nonetheless must have the proper appellant's sentencing order in both our record and addendum, as Watts's argument on appeal hinges on her first sentence of probation. Pursuant to Arkansas Rule of Appellate Procedure–Civil 6(e), if anything material to either party is omitted from the record, by error or accident, we may direct that the omission be corrected, and, if necessary, that a supplemental record be certified and transmitted. We therefore remand the case and order appellant to supplement the record within thirty days of the date of this opinion. Further, pursuant to Arkansas Supreme Court Rule 4-2(b)(4), we also order appellant to submit a supplemental addendum containing the omitted order within seven days from the date the record is supplemented.

Finally, we note that Watts's September 29, 2014 sentencing order was filed electronically, with the circuit judge's signature appearing on a separate, third page of the order. We remind counsel and the bar that all pages of a sentencing order must be included in the addendum, including the circuit judge's signature page. *See Allen v. State*, 2015 Ark. App. 360, at 4 n.1. We encourage review of our rules to ensure that no other deficiencies are present.

Remanded to supplement the record; supplemental addendum ordered.

VAUGHT and HIXSON, JJ., agree.

*Clint Miller*, Deputy Pub. Defender, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.