

Cite as 2016 Ark. App. 16

# ARKANSAS COURT OF APPEALS

### DIVISION II
### No. CR-15-30

| | | |
|---|---|---|
| TARA N. WATTS | | **Opinion Delivered** January 13, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR-12-1422] |
| | | |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED AND DISMISSED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Tara Watts challenges the legality of her one-year prison sentence following her guilty plea to the State's second petition to revoke her probation. For the reasons set out below, we reverse and dismiss.

Watts and a codefendant, Anthony Wayne Watts, were charged in a single information with one Class D felony count of theft by receiving. After the State amended the charge to a Class A misdemeanor, Tara Watts pleaded guilty to the amended charge, and she was placed on probation for one year. A sentencing order was entered on October 2, 2012. The sentencing order listed the codefendant, Anthony Wayne Watts, as the individual sentenced. It did not list the appellant, Tara Watts, as the individual sentenced. In February 2013, the State filed a petition to revoke Watts's probation, alleging that she had failed to report to her probation officer and had failed to pay court-ordered restitution. At a hearing

on July 22, 2013, Watts pleaded guilty to the revocation. At that time, the circuit court accepted her guilty plea and stated, "Return to original terms, twelve months' probation beginning today, $200 fine plus court costs." The court also advised Watts that "if you come back in, I'm going to make you spend the rest of the year in jail."

The State filed a second petition to revoke Watts's probation in June 2014, again alleging her failure to report and failure to pay supervision fees. At a hearing on September 15, 2014, Watts again entered a guilty plea to the revocation. The circuit court sentenced Watts to one year in the Pulaski County Jail, with thirty days of jail credit. Following entry of the sentencing order, Watts filed a timely notice of appeal and now argues to this court that her one-year jail sentence was illegal.

We previously sent this case back for supplementation of the record and addendum because the October 2, 2012 sentencing order stemming from the September 2012 guilty plea named Watts's codefendant, Anthony Watts, but did not list Tara Watts as the named defendant being sentenced. *Watts v. State*, 2015 Ark. App. 439. We concluded that, while the omission of the sentencing order might be the result of inadvertence, "we nonetheless must have the proper appellant's sentencing order in both our record and addendum, as Watts's argument on appeal hinges on her first sentence of probation." *Id*. at 3.

Following our September 2015 opinion, Watts filed a petition for rehearing in which she asserted that, despite a diligent search by the appellate-records clerk of the Pulaski County Circuit Court, Watts's court file contains no initial sentencing order. We denied Watts's petition for rehearing, and Watts subsequently filed a "Notice of Filing of

SLIP OPINION

Supplement to the Addendum." In this document, Watts again advised this court that she was unable to supplement the record with a copy of her initial sentencing order because no such order could be found in her circuit court file.[1]

Watts's case was subsequently resubmitted for this court's consideration. Although Watts challenges the legality of her one-year jail sentence on appeal, we find it unnecessary to reach the merits of her argument in order to reverse and dismiss her conviction and sentence.

It is well settled that a judgment is effective only upon entry of record. *Garduno-Trejo v. State*, 2010 Ark. App. 779, 379 S.W.3d 692. This principle, embodied in Arkansas Rule of Civil Procedure 58[2] and in Supreme Court Administrative Order No. 2,[3] is equally applicable in civil and criminal cases. *Bradford v. State*, 351 Ark. 394, 401, 94 S.W.3d 904, 908 (2003) (expressly holding that Arkansas Code Annotated section 16-65-121[4] directly conflicted with court rules and administrative orders and was therefore superseded). In

---

[1] Watts did, however, supplement the addendum with a copy of the judge's electronic signature page, which our previous opinion noted was also missing from the addendum. *Watts*, 2015 Ark. App. 439, at 2.

[2] This rule provides, in pertinent part, that "[a] judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2." Ark. R. Civ. P. 58.

[3] This order, in turn, provides that the clerk "shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.' A judgment, decree or order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book." Ark. Sup. Ct. Admin. Order No. 2(b)(2).

[4] Section 16-65-121 provided that a judgment rendered in open court was effective from the date it was rendered.

*Bradford*, the supreme court held that, where a guilty plea and resulting sentence were never memorialized as a judgment and commitment order and entered of record, there was never an effective judgment of conviction. *Id*. at 404, 94 S.W.3d at 910.

Likewise, in *Garduno-Trejo, supra*, this court reiterated that an oral order is "simply not effective until entered of record." 2010 Ark. App. 779, at 7, 379 S.W.3d at 695–96 (citing *Exigence, LLC v. Baylark*, 2010 Ark. 306, 367 S.W.3d 550; *Hewitt v. State*, 362 Ark. 369, 208 S.W.3d 185 (2005)). Although *Garduno-Trejo* is distinguishable from the instant case in that the defendant there was subjected to petitions for revocation based on offenses that occurred before the sentencing order was entered, that case nonetheless stands for the well-established principle that an order is not effective until it is entered of record.

In this case, the record presented to us does not contain an order sentencing Tara Watts to probation. Counsel avers in a pleading to this court that, after a diligent search by the circuit court clerk's office, it appears that no such order was ever entered by the Pulaski County Circuit Court. Because an effective judgment of conviction was never entered, the circuit court erred in granting the State's petitions for revocation, and the revocation must be reversed and dismissed. *See Garduno-Trejo*, 2010 Ark. App. 779, at 8, 379 S.W.3d at 696 (reversing and dismissing).

Reversed and dismissed.

Abramson and Virden, JJ., agree.

*Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.