Cite as 2023 Ark. App. 356

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-69

| | | |
|---|---|---|
| JACOB TOWNSEND | | Opinion Delivered August 30, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NO. 29CR-21-223] |
| V. | | |
| | | HONORABLE JOE SHORT, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | REVERSED AND DISMISSED |

## STEPHANIE POTTER BARRETT, Judge

Jacob Townsend appeals the revocation of his suspended imposition of sentence (SIS) by the Hempstead County Circuit Court. He argues that the revocation must be reversed and dismissed because it was based on alleged violations that occurred prior to entry of the sentencing order. We agree.

Townsend was charged with possession of methamphetamine (less than two grams) on December 1, 2021. In a hearing on January 10, 2022, Townsend pleaded guilty to the charge in exchange for a five-year SIS. The sentencing order reflecting the guilty plea and the five-year SIS was filed on February 4, 2022. On January 25, 2022, the State filed a petition to revoke Townsend's SIS, alleging that on January 13, 2022, Townsend committed the offenses of possession of methamphetamine or cocaine with intent to deliver and

tampering with physical evidence, and he was in possession of methamphetamine and drug paraphernalia.

On August 16, Townsend moved to dismiss the revocation petition, arguing that as of the date of the filing of the revocation petition, no sentencing order had yet been filed. At the revocation hearing on September 19, Townsend's counsel argued that while the legislature had amended Arkansas Code Annotated section 5-4-307(a) (Supp. 2021) in 2019 to provide that a period of SIS commences to run when the circuit court pronounces the probation or sentence in the courtroom or upon entry of a sentencing order, whichever occurs first,  caselaw and Administrative Order No. 2 do not allow revocation for a sentence for which an order had not yet been entered.  The State argued that the legislature amended the statute as a matter of public policy and that Administrative Order No. 2 was significant only for administrative purposes.  The circuit court denied Townsend's motion to dismiss, finding that the amended statute, most likely promulgated in response to *Burnett v. State*, 2018 Ark. App. 220, superseded Administrative Order No. 2.  The revocation hearing proceeded, the circuit court revoked Townsend's SIS, and Townsend was sentenced to five years' imprisonment.  This appeal followed.

On appeal, Townsend makes the same argument he made in his motion to dismiss— that the revocation of his SIS must be reversed and dismissed because it was based on alleged violations that occurred before the judgment was filed because Administrative Order No. 2 and caselaw are clear that an SIS does not begin until the judgment is filed, regardless of the existence of Arkansas Code Annotated section 5-4-307(a).

In *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), Bradford, pursuant to a negotiated plea agreement, entered a plea of guilty to three separate felonies; the prosecutor recommended five years' incarceration on each charge, with the sentences to run concurrently. In open court, the circuit court pronounced judgment of five years on each count, with the sentences to be served concurrently, but no judgment and commitment order was filed. Ten days later, the circuit court revisited its decision in Bradford's case, ordered that the sentences be served consecutively, and entered a judgment and commitment order to that effect. Bradford appealed, arguing that he was entitled to rely on the sentence pronounced in open court pursuant to Arkansas Code Annotated section 16-65-121 (Supp. 2001), which provided, "All judgments, orders, and decrees rendered in open court by any court of record in the State of Arkansas are effective as to all parties of record from the date rendered and not from the date of entry of record." In rejecting Bradford's argument, our supreme court held that the statute at issue had been superseded in civil matters by Arkansas Rule of Civil Procedure 58, which provides that a judgment is effective upon entry of record and that the same principle held true for criminal judgments, citing *Johnison v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997). Our supreme court held that, in accordance with Administrative Order No. 2, judgment and commitment orders are effective upon entry of record and that because section 16-65-121 conflicted directly with appellate rules, Administrative Order No. 2, and our caselaw, it was superseded.

In *Burnett, supra*, Kabal Burnett appealed the revocation of her probation for acts committed hours before the sentencing order was entered; the State conceded error, and

this court reversed and dismissed the revocation. In so holding, this court cited *Bradford*, *supra*, which held that judgment and commitment orders, in accordance with Administrative Order No. 2, are effective upon entry of record. In reversing and dismissing Burnett's revocation, this court also cited *Garduno-Trejo v. State*, 2010 Ark. App. 779, 379 S.W.3d 692, a case in which the circuit court revoked Garduno-Trejo's probation and SIS for conduct that occurred after he pleaded guilty to two drug offenses but two days before the judgment and disposition order was entered; the revocation was reversed on appeal, with this court holding that the suspended sentence and probation were not in effect on the day they were violated because the judgment was not entered of record until two days later.

The legislature amended Arkansas Code Annotated section 5-4-307(a) in 2019 to provide, "[A] period of suspension or probation commences to run when the circuit court pronounces the probationer's sentence in the courtroom or upon the entry of a sentencing order, whichever occurs first."

Townsend argues that the holdings in *Bradford* and *Burnett* mandate that the revocation of his SIS must be reversed and dismissed because a judgment is effective on entry of record, which occurs when the judgment is filed, and the sentencing order placing him on SIS was not entered of record at the time the alleged conduct that the revocation was based on occurred.

The State argues that Arkansas Code Annotated section 5-4-307(a) is not superseded by Arkansas Rule of Civil Procedure 58 and Administrative Order No. 2 because, unlike the statute superseded in the *Bradford* decision, this statute does not conflict with the rule or the

4

order, nor does it compromise their primary purpose and effectiveness. The State argues that section 5-4-307(a) "relates in no way to when a judgment, order, or decree is considered entered or effective." We agree; this statute only determines when a period of SIS or probation begins, not when it becomes effective for revocation purposes. While it is true that the SIS could begin when announced in open court even if the sentencing order was not entered until a month later, the order is not considered entered or effective for purposes of revocation proceedings until the sentencing order is filed.

The State next argues that if there is a conflict between section 5-4-307(a) and our appellate court rules and administrative orders, we must defer to the legislature on public-policy grounds. This argument has no merit. First, as stated above, section 5-4-307(a) does not conflict with Administrative Order No. 2 or our caselaw. Second, even if there was a conflict, the appellate courts do not defer to statutes that are at odds with our appellate court rules. In *State v. Sypult*, 304 Ark. 5, 7–8, 800 S.W.2d 402, 404 (1990), our supreme court discussed the dissonance with statutes conflicting with court rules:

> In *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990), and *St. Clair v. State*, 301 Ark. 223, 793 S.W.2d 835 (1990), we reaffirmed our inherent rule-making power as identified in *Ricarte* [*v. State*, 290 Ark. 100, 717 S.W.2d 488 (1986)]; however, we went on to say that we share this power with the General Assembly and that we will defer to its authority where legislation involving matters of public policy conflicts with court rules. *See also Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990).

> Section 12-12-511(a) is clearly grounded in strong public policy—the protection of child-abuse victims. So, once again, we are faced with sharing our rule-making powers with the legislature—this time involving the physician and psychotherapist-patient privilege. In doing so, we retreat from the positions we have taken in *Curtis*

and *St. Clair*, *supra*, and redefine the parameters of our "shared" rule-making power with the legislature.

It is obvious that, in the interests of promoting important public policies and interests of the state, legislation enacted in this spirit will, on occasion, bring about conflict with rules of the court. It is equally obvious, however, that literal application of our decisions in *Curtis* and *St. Clair* to cases such as the one before us, could well open the door to total abrogation of the rules of evidence and procedure we deem vital to the interests and policies inherent in the judicial process. To protect what we hold inviolate we now declare that we will defer to the General Assembly, when conflicts arise, only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised; otherwise, our rules remain supreme.

The State next argues that to the extent Administrative Order No. 2 and Rule 58 of the Arkansas Rules of Civil Procedure supersede Arkansas Code Annotated section 5-4-307(a), they only do so as to probation. This is untrue. The statute clearly refers to a period of suspension or probation, and we do not find that there is a conflict between Arkansas Code Annotated section 5-4-307(a), which states when the time period begins, and Administrative Order No. 2, which states when the order is effective. The order must be effective before the period of probation or suspended imposition of sentence may be revoked.

Arkansas Code Annotated section 5-4-307(a) as amended is not in direct conflict with Administrative Order No. 2 and our caselaw. Townsend's SIS cannot be revoked because at the time of the conduct that was used to revoke his SIS, the sentencing order was not entered of record. Although his SIS commenced upon pronouncement in the courtroom, it may not be revoked unless the sentencing order is entered of record. Therefore, the revocation in hereby reversed and dismissed.

6

Reversed and dismissed.

GLADWIN and HIXSON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.