Cite as 2024 Ark. App. 443

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-23-79

|  |  |
|---|---|
| RHONDA LYNN HOGUE<br>APPELLANT | Opinion Delivered September 25, 2024 |
|  | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-21-277] |
| V. |  |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT B. GIBSON III, JUDGE |
|  | REVERSED AND DISMISSED |

**ROBERT J. GLADWIN, Judge**

Rhonda Lynn Hogue ("Hogue") appeals the revocation of her probation in the Drew County Circuit Court. This matter is back after an opinion entered on November 1, 2023, wherein this court denied defense counsel's motion to withdraw and no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), and ordered that a merit brief be filed. *See Hogue v. State*, 2023 Ark. App. 490. We reverse and dismiss.

### I. *Background Facts*

On August 15, 2022, Hogue entered a negotiated plea of guilty to the felony offenses of second-degree battery and tampering with physical evidence. On the same day, the circuit court signed both the order and the conditions of supervised probation. Hogue also signed

and agreed to the conditions of probation on August 15. The guilty plea and order and conditions of supervised probation were filed of record on August 17. The conditions included that Hogue was required within seventy-two hours to contact her probation intake officer to complete the required paperwork, obtain reporting instructions, and provide a DNA sample. On August 18, the sentencing order was filed of record.

On August 31, the State filed a revocation petition alleging that Hogue had violated a condition of her probation. A violation report was attached to the petition, stating that on August 17, Hogue failed to report as directed; thus, she had violated a condition of her supervised probation. The report specifically stated that Hogue was given an intake appointment for 9:30 a.m. on August 17. Importantly, the alleged violation occurred at 9:30 a.m. on August 17; the order and conditions of probation were filed at 10:00 a.m. on August 17; and the sentencing order was filed on August 18.

A revocation hearing was held on October 31, and the court found that Hogue had violated the condition of her probation to report for intake within seventy-two hours. Further, the circuit court noted that Hogue did not appear before the court until nearly a month after a warrant for absconding had been issued. Consequently, the court sentenced Hogue to sixty months in the Arkansas Division of Correction with an additional sixty-month suspended imposition of sentence (SIS). The sentencing order was filed on November 2. Hogue filed a timely notice of appeal on November 11. On March 19, 2023, counsel filed a no-merit brief and a motion to be relieved as appellate counsel. On November 1, 2023, this court denied counsel's motion to withdraw and ordered that a merit brief be

2

filed in light of recent precedent in *Townsend v. State*, 2023 Ark. App. 356, 676 S.W.3d 1. This appeal followed.

## II. *Standard of Review*

The Arkansas Supreme Court has held that an order is not effective until it is entered of record. *Hewitt v. State*, 362 Ark. 369, 371, 208 S.W.3d 185, 186 (2005). Furthermore, until a guilty plea and resulting sentence are memorialized as a sentencing order and entered into the record, there is not an effective judgment of conviction. *Bradford v. State*, 351 Ark. 394, 404, 94 S.W.3d 904, 910 (2003).

## III. *Discussion*

Hogue argues on appeal that her revocation amounted to an illegal sentence because it was based on conduct that occurred prior to entry of the sentencing order; thus, her revocation must be reversed and dismissed. The State maintains that Hogue is correct and thereby concedes error. Consequently, the State agrees that the circuit court lacked jurisdiction to revoke Hogue's probation and that her revocation should be reversed.

This case is controlled by our precedent in *Townsend*, wherein this court reversed the appellant's SIS because it was based on alleged violations that occurred prior to entry of the sentencing order. 2023 Ark. App. 356, at 6, 676 S.W.3d at 4. Importantly, this court explained that while Townsend's SIS commenced upon pronouncement in the courtroom, it could not be revoked unless the sentencing order was entered of record. *Id.* This court's decision in *Burnett v. State*, 2018 Ark. App. 220, is also controlling and the facts are strikingly similar to those here. In *Burnett*, the appellant appealed the revocation of her probation for

3

acts committed hours before the sentencing order was entered; the State conceded error, and this court reversed and dismissed the revocation. *Id.*

Here, the only violation Hogue was alleged to have committed occurred the day before entry of the sentencing order. Hogue failed to report for her scheduled intake on August 17, 2022, at 9:30 a.m., and the sentencing order was filed on August 18, 2022. According to precedent, the circuit court erred by revoking Hogue's probation for conduct that occurred before that probation was imposed.

IV. *Conclusion*

For the above-stated reasons, we reverse and dismiss Hogue's probation revocation.

Reversed and dismissed.

VIRDEN and MURPHY, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.

4