Cite as 2025 Ark. App. 15

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-24-308

|  |  |
|---|---|
| IRVING V. WILLIAMS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered January 15, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-22-505]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WENDY SCHOLTENS WOOD, Judge**

Irving Williams appeals the Garland County Circuit Court's sentencing order revoking his probation and sentencing him to five years' imprisonment followed by five years' suspended imposition of sentence (SIS). Pursuant to Arkansas Supreme Court Rule 4-3(b) and *Anders v. California*, 386 U.S. 738 (1967), Williams's counsel has filed a motion to withdraw stating that there is no merit to an appeal. The motion is accompanied by a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court served Williams with a copy of counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

On October 16, 2023, Williams pled guilty to residential burglary and on November 8 was sentenced to five years' probation. The State filed a petition to revoke on December

13 alleging that Williams had committed three misdemeanor offenses in violation of the condition that required him not to commit an offense punishable by imprisonment. The offenses included criminal trespass and refusal to submit to arrest on October 28, violation of a no-contact order and refusal to submit to arrest on November 9, and violation of a no-contact order and violation of a protection order on December 5.

The circuit court held a revocation hearing on February 5, 2024. At the hearing, Williams's counsel conceded the grounds to revoke on the basis of the misdemeanor convictions but stated that Williams wanted to testify in regard to sentencing.[1] The State introduced the misdemeanor convictions and the testimony of Kimberly Cannaday and Audrey Green, both of whom have children with Williams. Cannaday is Williams's ex-wife, and Green is Williams's ex-girlfriend. Both women had either no-contact orders or orders of protection against Williams, and both testified that he had contact with them despite those orders. Both women, as well as Williams, testified about Williams's drug use, his mental-health issues, and his attempts to receive treatment.

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each

---

[1]We note that the October 28 offense, which occurred prior to the entry of the November 8 sentencing order, could not alone serve as the basis for a revocation. *See Hogue v. State*, 2024 Ark. App. 443, 698 S.W.3d 415. However, Williams admitted violating the conditions of probation, and two of the offenses occurred after the November 8 sentencing order had been entered.

adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. Ark. Sup. Ct. R. 4-3(b)(1) (2024).

Williams's counsel has briefed the court on the revocation and sentence. To revoke a defendant's probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of his or her probation. *McDougal v. State*, 2015 Ark. App. 212, at 4, 465 S.W.3d 863, 865. The State bears the burden of proof but need only prove one violation. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154.

At the revocation hearing, Williams admitted violating the conditions of his probation. Specifically, Williams admitted that he had pleaded guilty or no-contest to three misdemeanor charges and was sentenced to one year in jail, which was suspended with credit for time served. In light of Williams's admission, there would be no merit to an appeal of the sufficiency of the evidence that supports the revocation.

As for the sentence, Williams sought drug and mental-health treatment to be followed by probation. The court denied the request and sentenced Williams to ten years' imprisonment followed by five years' SIS for the Class B felony. *See* Ark. Code Ann. § 5-39-201(a)(2) (Supp. 2023). In a revocation proceeding, the circuit court has discretion in the sentence imposed and is authorized to impose any sentence that it could have imposed originally. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2023). Here, Williams was sentenced within the statutory guidelines. *See* Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2013) (the sentence

for a Class B felony shall be not less than five years nor more than twenty years). Williams's sentence was within the statutory range. No meritorious argument could be made that the circuit court abused its discretion in sentencing Williams.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Edwards v. State*, 2024 Ark. App. 387, at 5–6, 690 S.W.3d 880, 884. In this case, counsel has complied with Rule 4-3(b), and we hold that the appeal is without merit. Accordingly, we affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and GLADWIN, JJ., agree.

*Law Offices of John Wesley Hall*, by: *Samantha J. Carpenter*, for appellant.

One brief only.