Cite as 2025 Ark. App. 100

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–23–638

| | |
|---|---|
| | **Opinion Delivered** February 19, 2025 |
| DEVONTE WASHINGTON<br>APPELLANT | APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT [NO. 62CR-22-353] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| | REVERSED AND DISMISSED |

## BRANDON J. HARRISON, Judge

This revocation appeal returns to us from a remand to the circuit court in April 2024 to settle or supplement the record. In December 2022, the circuit court ordered Devonte Washington to serve ten years' probation after he pleaded guilty to possession of a controlled substance with the purpose to deliver and possession of drug paraphernalia, both Class D felonies. The court revoked Washington's probation in June 2023 after a hearing and sentenced him to 144 months' imprisonment. He appealed.

The original record on appeal included a document titled "Conditions of Probation" signed by the court and Washington and filed 6 December 2022. But it did not include a contemporaneous sentencing order in the form developed by the Administrative Office of the Courts (AOC), which the prosecuting attorney must complete and submit "[i]n every action filed in the circuit courts . . . [w]hen any charge results in a commitment to the Arkansas Department of Correction or any of the following—probation, suspended

imposition of sentence, commitment to Arkansas Community Correction or to the county jail, a fine, restitution, and/or court costs[.]" Ark. Sup. Ct. Admin. Order No. 8(I)(a) & (III)(d). We remanded for the circuit court either to supplement the record (if a sentencing order had been entered but omitted) or to prepare one with the details of the December 2022 proceeding. *Washington v. State*, 2024 Ark. App. 268.

No sentencing order had been entered, it turns out. The supplemental record includes one the circuit court prepared and filed 9 May 2024. Washington argues we must reverse and dismiss the revocation judgment. He cites a line of decisions beginning with *Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003), that hold that although probation and suspended impositions of sentence begin to run for *some* purposes when pronounced, violating their conditions before the circuit court imposes them in a judgment cannot be grounds for a revocation. *Hogue v. State*, 2024 Ark. App. 443, 698 S.W.3d 415; *Townsend v. State*, 2023 Ark. App. 356, 676 S.W.3d 1; *Burnett v. State*, 2018 Ark. App. 220; *Garduno-Trejo v. State*, 2010 Ark. App. 779, 379 S.W.3d 692. We note that in *Hogue*, which is recent and squarely on point, the State confessed error. (Pity it didn't do so again here.)

The May 2024 sentencing order indicates that in December 2022, the circuit court meant to (but never did) impose probation *with* a judgment of conviction. The form sentencing order accommodates that option. The form would also accommodate probation imposed *without* a conviction, Ark. Code Ann. § 16-93-303 (Supp. 2023), though that would not be a "sentence" per se. We acknowledge the value of obtaining a defendant's written acknowledgement of each probation condition, as the circuit court did in December 2022. Ideally, the form sentencing order would include room for the conditions so this

2

could be done in one document.[1]  But a circuit court must—in the prescriptive sense—use the AOC form sentencing order even when it imposes probation.  Ark. Sup. Ct. Admin. Order No. 8(I)(a) & (III)(d); *see also In re Ark. Sup. Ct. Admin. Order No. 8*, 2011 Ark. 544 (per curiam) (effective 1 January 2012).  It's now clear that this wasn't done in late 2022 when it mattered.  Assuming the facts of *Garduno-Trejo*, *supra*, left open the possibility that some probation order might be sufficiently judgment-like to ground a revocation, as the State argues, we decline to "distinguish cases to death" and instead apply the bright-line rule that everyone can understand and follow.

Use the official form.  File it promptly.  Then no problems.

Reversed and dismissed.

TUCKER and THYER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[1]The equivalent federal forms include standard conditions of probation or supervised release and space for custom conditions.  Admin. Office of the U.S. Courts, AO 245B, Judgment in a Criminal Case (2019), https://www.uscourts.gov/sites/default/files/ao245b.pdf; Admin. Office of the U.S. Courts, AO 246, Probation Order Under 18 U.S.C. § 3607 (2017), https://www.uscourts.gov/sites/default/files/ao246.pdf.