Cite as 2020 Ark. App. 35

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-19-480

| | |
|---|---|
| CHAD ALLEN JERNIGAN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 22, 2020<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-568]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Appellant Chad Allen Jernigan pleaded guilty to abuse of a corpse in the Miller County Circuit Court, and he was sentenced to ten years' imprisonment in the Arkansas Department of Correction (ADC) and assessed a $10,000 fine. A timely notice of appeal followed. Subsequently, Jernigan's attorney filed a no-merit brief and motion to be relieved as counsel pursuant to *Anders v. California*, 386 Ark. 738 (1967), and Arkansas Supreme Court Rule 4-3(k) (2019) asserting that there is no issue of arguable merit to present on appeal. We affirm the sentence and grant counsel's motion to withdraw.

Generally, under Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal, there is no right to appeal from a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rules of Criminal Procedure 24.3. However, our supreme court has recognized two other exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented before a jury

in a sentencing hearing separate from the plea itself and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *See Andry v. State*, 2014 Ark. App. 419, at 2.

Here, there was a separate sentencing hearing after Jernigan pleaded guilty; therefore, an appeal challenging the evidence presented at the hearing can be heard. The no-merit brief lists all rulings adverse to Jernigan and explains why there are no nonfrivolous issues for appeal. The clerk of our court attempted to provide Jernigan with his attorney's motion and brief and to notify him of his right to file pro se points for reversal as provided in Arkansas Supreme Court Rule 4–3(k)(2). The certified mailing was sent to Jernigan's last known address, and he did not file any pro se points for reversal.

Defense counsel has adequately explained that none of the adverse rulings provide meritorious grounds for appeal. From our review of the record and no-merit brief, we find compliance with Rule 4–3(k) and hold that an appeal would be wholly without merit.

Affirmed; motion to withdraw granted.

GLADWIN and VAUGHT, JJ., agree.

*Joseph C. Self*, for appellant.

One brief only.