Cite as 2021 Ark. App. 4

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–20–307

| | |
|---|---|
| MITCHELL CAMERON RAMSEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 13, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-13-1838]<br><br>HONORABLE BRAD KARREN, JUDGE<br><br>DISMISSED; MOTION TO WITHDRAW GRANTED |

### RAYMOND R. ABRAMSON, Judge

Mitchell Cameron Ramsey appeals the Benton County Circuit Court order revoking his suspended sentence. Ramsey's attorney has filed a no-merit brief and motion to be relieved as counsel pursuant to *Anders v. California*, 386 Ark. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2020), asserting that there is no issue of arguable merit to present on appeal. Our clerk provided Ramsey with a copy of his attorney's motion and brief and notified him of his right to file pro se points for reversal. He did not file any pro se points. We dismiss the appeal and grant counsel's motion to withdraw.

On March 6, 2014, Ramsey pled guilty to residential burglary, and he was sentenced to five years' probation.[1] On January 12, 2018, the State filed a petition to revoke his probation alleging that Ramsey had committed negligent homicide. On November 15, he pled guilty to the revocation and to the additional charge of negligent homicide. He was sentenced to twenty years' suspended sentence for the revocation and thirteen years' imprisonment with six months' suspended sentence for negligent homicide. The terms of Ramsey's suspended sentence included that he report to the circuit court on January 14, 2019, to begin his term of imprisonment.

On January 24, the State filed a petition to revoke Ramsey's suspended sentence. The State alleged that Ramsey had failed to surrender to the circuit court on January 14. On September 11, the court held a revocation hearing, and Ramsey pled guilty. He stated that he did not surrender because he had transportation issues. Following a sentencing hearing on September 20, the court filed an order on October 3 sentencing Ramsey to twenty years' imprisonment to run consecutively to the thirteen years' imprisonment for negligent homicide. This no-merit appeal followed.

We must dismiss the appeal. Generally, under Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal, there is no right to appeal from a guilty plea, except for a conditional plea of guilty premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3. Our supreme court has recognized two other exceptions to the general rule: (1) when there is a challenge to testimony or

---

[1]Ramsey also pled guilty to theft of property, and he was sentenced to twelve months' probation.

evidence presented in a sentencing hearing separate from the plea itself and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself. *See Andry v. State*, 2014 Ark. App. 419. Counsel correctly states that appellant's appeal does not fit any exception.[2]

Counsel also correctly states that the sentence Ramsey received was not illegal because it fell within the permissible statutory range, and the circuit court had the discretion to run it consecutively. *See* Ark. Code Ann. §§ 5-4-401(a)(3) and 5-4-403(b) (Repl. 2013). Ramsey's appeal is therefore dismissed, and counsel's motion to withdraw is granted.

Dismissed; motion to withdraw granted.

GRUBER and HIXSON, JJ., agree.

*The Hudson Law Firm, PLLC*, by: *Grace Casteel*, for appellant.

One brief only.

---

[2]We note that the court held a sentencing hearing separate from the plea hearing, but Ramsey did not challenge the testimony or evidence presented at the hearing.