Cite as 2024 Ark. App. 521

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-23-819

| | | |
|---|---|---|
| KATHY HICKS | | Opinion Delivered October 30, 2024 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-19-805] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED |

## N. MARK KLAPPENBACH, Judge

Kathy Hicks appeals from the Faulkner County Circuit Court's order revoking her probation and sentencing her to six years' imprisonment. We dismiss the appeal.

In 2019, Hicks pleaded guilty to possession of a controlled substance and possession of drug paraphernalia, both Class D felonies, and was placed on four years' probation. Three other charges were nolle prossed. In 2021, the State filed a petition to revoke alleging that Hicks had violated the conditions of her probation by evading supervision, failing to pay supervision fees, and failing to pay court-ordered costs and fines. A warrant was issued for Hicks's arrest on the revocation petition, but she was not arrested until 2023. At the revocation hearing, Hicks pleaded guilty directly to the court. She was sentenced to six years' imprisonment on both offenses with the sentences ordered to run concurrently.

On appeal, Hicks argues that the circuit court mistakenly believed that it was sentencing her on three offenses instead of two, and her sentence may have been different if the circuit court had known she had only two convictions.[1] Hicks acknowledges that this issue was not preserved for review, but she argues that we should adopt a "clear error" rule for sentencing errors to allow appellate courts to reverse obvious errors by trial courts when justice requires, despite the absence of a contemporaneous objection. The State contends that Hicks's appeal is an improper attempt to appeal from her guilty plea to the revocation petition. We agree.

Generally, under Rule 1(a) of the Arkansas Rules of Appellate Procedure–Criminal, there is no right to appeal from a guilty plea, except for a conditional plea of guilty pursuant to Arkansas Rule of Criminal Procedure 24.3. Our supreme court has recognized two other exceptions to the general rule: (1) when there is a challenge to testimony or evidence presented in a sentencing hearing separate from the plea itself and (2) when the appeal is from the denial of a posttrial motion challenging the validity and legality of the sentence itself. *See Ramsey v. State*, 2021 Ark. App. 4. Absent one of the exceptions, a defendant waives his or her right to appeal by pleading guilty. *Burgess v. State*, 2016 Ark. 175, 490

---

[1]Hicks's argument is based on the circuit court's statement at the hearing: "So I've got—Count 3 is the possession of methamphetamine or cocaine—Count 4 and Count 5." However, the sentencing order clearly reflects that Hicks's probation was revoked only on counts 3 and 4, and count 5 was a charge that was nolle prossed for which Hicks was never on probation.

S.W.3d 645.  Hicks's appeal does not fall within any of these exceptions.  Accordingly, we must dismiss the appeal.

Appeal dismissed.

THYER and WOOD, JJ., agree.

*Rebekah J. Kennedy*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.